# Exhibit A

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U S DISTRICT COURT
JAN 27 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL C. BALLON, M.D., F.A.C.S., A PROFESSIONAL CORPORATION, et al. <br><br> PLAINTIFFS, <br><br> v. <br><br> THE WOMEN'S CANCER CENTER, A CALIFORNIA GENERAL PARTNERSHIP <br><br> DEFENDANT, | CASE NO. CV 05-6543 NM (SSx) <br><br> ORDER: <br><br> AWARDING PLAINTIFFS ATTORNEYS' FEES |

## I. INTRODUCTION

On July 1, 2005, Plaintiff doctors filed a complaint for judicial dissolution of the partnership known as "The Women's Cancer Center" ("WCC") against WCC, in the Superior Court for the State of California, Santa Clara County. See Not. Rem., Ex. A. On July 29, 2005, WCC filed its answer to the complaint and stated that it did not oppose the dissolution. See Def. Mot. 4:3-4:6. On September 2, 2005, pursuant to 28 U.S.C. §§ 1332 and 1441(b), Jon Eardley, purporting to represent WCC, removed the entire action from the Superior Court to the United States District Court, Central District of California. See Not. Rem ¶ 5. On September 30, 2005, Plaintiffs filed a motion to remand the case to Santa Clara

EXHIBIT 11

EXHIBIT 28

000584

000120

DOCKETED ON CM
JAN 30 2006
BY ___  007

36

1  Superior Court and for an award of attorneys' fees. On December 9, 2005, the
2  court ordered Mr. Eardley disqualified from representing WCC. See Order
3  disqualifying Jon Eardley dated December 9, 2005. On January 9, 2006, the court
4  approved a stipulation and order entered into by both Plaintiffs and Defendant
5  remanding the case. See Stipulation and Order dated January 9, 2006. While the
6  order remanded the case, the court retained jurisdiction to decide whether
7  Plaintiffs were entitled to attorneys' fees. See id. For the reasons set forth below,
8  the motion to award attorneys' fees is GRANTED against attorney Jon Eardley.

## II. FACTS

WCC is a California general partnership currently consisting of 15 doctors located in California and Nevada. Def. Mot. 2:12-2:13.[1] The group treats gynecological cancers, including ovarian and uterine cancer. Id. at 2:13-2:15. From its inception until January 29, 2005, Dr. Nicola Spirtos served as the managing partner of WCC. Id. at 2:17-2:18. On January 29, 2005, a WCC partnership meeting was convened at which 12 of the 16 then-existing partnership voting interests were represented. The 12 interests represented at the meeting voted unanimously to remove Dr. Spirtos as the managing partner, for reasons that included gross mismanagement. Id. at 2:20-3:1. At the same meeting, the voting interests voted unanimously to form an interim management committee, consisting of four partners. Id. at 3:1-3:3. The interests also voted unanimously to retain a forensic accounting firm to conduct an investigation of the books and records of WCC. Id. at 3:3-3:5.

On February 1, 2005, WCC engaged the firm Alvarez & Marsal ("A&M") to conduct a forensic investigation of WCC's books and records. Id. at 3:6-3:9. That investigation allegedly revealed that WCC's books and records, which had been maintained solely by Dr. Spirtos, were filled with fraudulent activity. Id. at

---

[1] Citation to Def. Mot. is to Defendant WCC's motion to disqualify Mr. Eardley.

2

000585   000121

3:9-3:11. A&M found that Dr. Spirtos had, *inter alia*, engaged in fraudulent accounting activities, diverted millions of dollars from WCC for his personal benefit, engaged in inappropriate banking activity, and failed to manage WCC's accounting and financial reporting functions in accordance with the partnership agreement. Id. at 3:12-3:16.

WCC alleged that on March 2, 2005, the management committee, along with WCC's in-house general counsel, Robert N. Meals, retained the services of the law firm of Sheppard, Mullin, Richter & Hampton LLP ("SMR&H") to advise the management committee and Mr. Meals on various legal issues arising from the dispute between WCC and Dr. Spirtos and any related claims and proceedings. See Meals Decl, ¶ 5; McCortney Decl., ¶ 2.[2]

On July 1, 2005, nine of the 15 then-existing partners of WCC filed a complaint for judicial dissolution of WCC. On July 29, 2005, SMR&H filed an answer to the complaint on behalf of WCC. See id. at ¶ 4. On August 1, 2005, three days after WCC filed its answer, attorney Jon Eardley filed a demurrer, purportedly on behalf of WCC. During an August 10, 2005 phone conversation between Mr. Eardley and SMR&H attorney Ryan McCortney, Mr. Eardley claimed to represent both WCC and the six non-party partners, including Dr. Spirtos. See id. at ¶ 6. Because Mr. Eardley failed to produce any evidence that he represented WCC in this action, the court disqualified Mr. Eardley.

### III. DISCUSSION

Plaintiffs request attorneys' fees and costs under 28 U.S.C. § 1447(c), which allows a court to order the payment of costs and expenses upon remand. See 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award

---

[2] Both the Meals' and McCortney's Declarations were made in support of Defendant's motion to disqualify Mr. Eardley.

1 attorney's fees under §1447(c) only where the removing party lacked an
2 objectively reasonable basis for seeking removal. Conversely, when an objectively
3 reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp.,
4 546 U.S. ___ (2005). Mr. Eardley lacked an objectively reasonable basis for
5 seeking removal, because he did not represent Defendant WCC. Nowhere in Mr.
6 Eardley's papers opposing disqualification did he even claim that WCC engaged
7 him to represent it, let alone produce any evidence to bolster such an allegation.
8 Sections 1441 and 1446 clearly state that only a defendant to an action may
9 remove a case to federal court. Section 1441(a) provides that "any civil action
10 brought in a State court . . . may be removed by the defendant or the defendants."
11 28 U.S.C. 1441(a). Section 1446 refers to "[a] defendant or defendants desiring to
12 remove any civil action . . . ." 28 U.S.C. § 1446(a). Every court to have addressed
13 the issue has held that non-parties have no right to remove cases to federal court.
14 See, e.g., Newman and Cahn, LLP v. Sharp, 388 F. Supp. 2d 115, 117 (E.D.N.Y.
15 2005) ("A non-party has no authority to seek removal under the removal
16 statutes."); Geiger v. Artco Enter., Inc., 910 F. Supp 130, 131 (S.D.N.Y. 1996) ("It
17 is clear beyond peradventure of a doubt that the right of removal is vested
18 exclusively in defendants."); Adams v. Adminastar Defense Servs., Inc., 901 F.
19 Supp. 78, 79 (D. Conn. 1995) (only a defendant, who is by implication a party in
20 state court, has standing to remove); Conway v. Delgado, No. 92-0905, 1992 WL
21 189428, *2 (D.D.C. July 21, 1992) (only defendants have standing to remove);
22 Kane v. Republica De Cuba, 211 F. Supp. 855, 856-58 (D.P.R. 1962) (a nonparty
23 who has not formally intervened may not remove a case from state court); see also
24 Housing Auth. of Atlanta v. Millwood, 472 F.2d 268, 272 (5th Cir. 1973) (where
25 an entity has not been properly served in state court, it is not a party and removal
26 jurisdiction cannot be premised on its presence in the action). Mr. Eardley lacked
27 any basis for believing he represented WCC, and therefore had no objectively
28

4

reasonable basis for removing the case to federal court.[3] Because Mr. Eardley had no objectively reasonable basis for removing the case, Plaintiffs' motion for attorneys' fees is granted against Mr. Eardley. See Wisconsin v. Missionaries to the Preborn, 798 F. Supp. 542, 544 (E.D. Wis. 1992) (imposing attorneys' fees on, *inter alia*, lawyer representing party that removed case to federal court); Polanco v. 21 Arden Realty Corp., 121 B.R. 425 (S.D.N.Y. 1990) (same).

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for an award of attorneys' fees is GRANTED against Mr. Eardley. Plaintiffs are directed to file documentation substantiating the attorneys' fees they seek. That documentation shall detail the work done, hours worked, lawyers involved and their experience and rates charged.

DATED: January 26, 2006

Nora M. Manella
United States District Judge

---

[3] This case is unlike the related case of Schlaerth, et al. v. Spirtos, et. al, CV 05-6544 (C.D. Cal.) where Mr. Eardley represents parties to the litigation. As this court has previously found, Mr. Eardley did not represent any party to the instant suit.

000588   000424