Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>Temporary Conservatee. | CASE NO. CV 08-1021 PSC (RCx)<br><br>**DECLARATION OF JEFFREY D. WEXLER IN SUPPORT OF MOTION TO REMAND [28 U.S.C. § 1447(c)]**<br><br>Date:   March 27, 2008<br>Time:  1:30 p.m.<br>Place:  Courtroom 790<br>           Roybal Building |

## DECLARATION OF JEFFREY D. WEXLER

I, JEFFREY D. WEXLER, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California and am a member of the bar of this Court. I am a partner in the law firm of Luce, Forward, Hamilton & Scripps LLP ("LFH&S"), counsel of record for James P. Spears ("Mr. Spears"), the temporary conservator of the person of Britney Jean Spears and the temporary co-conservator of the estate of Britney Jean Spears. I have personal knowledge of the matters set forth below, and if required to do so, I would and could testify competently to the same.

2. Three LFH&S attorneys – Geraldine A. Wyle, Vivian Lee Thoreen, and I – have spent substantial time working on this matter as a result of the purported removal of this lawsuit by attorney Jon Eardley on behalf of Britney Jean Spears. I submit this declaration in support of Mr. Spears' request pursuant to 28 U.S.C. § 1447(c) to recover the attorneys' fees that he has incurred and will incur as a result of the removal.

3. I received a bachelor's degree from UCLA (graduating *summa cum laude*) in 1984. In 1987, I received a juris doctorate from Harvard Law School (graduating *magna cum laude*), where I was an editor of the Harvard Law Review. I clerked for a year with Chief Judge Alfred T. Goodwin on the United States Court of Appeals for the Ninth Circuit, and have practiced commercial litigation in Los Angeles since 1988. I have been a partner at LFH&S since 2000. Before that time, I was a partner at the now-defunct Los Angeles law firm of Tuttle & Taylor, A Law Corporation. During 2008, LFH&S has billed my services to its clients at a standard rate of $525 per hour.

4. My partner, Geraldine A. Wyle, received a bachelor's degree from UCLA (graduating *magna cum laude*) in 1976. In 1979, Ms. Wyle received a juris doctorate from UCLA School of Law. Ms. Wyle practiced civil litigation at Gibson, Dunn & Crutcher, and then began focusing her practice on trust, estate, and

1

1 conservatorship litigation in 1993.  Ms. Wyle was a partner at Holland & Knight
2 LLP before joining LFH&S in 2006.  Ms. Wyle frequently speaks on trust, estate,
3 and conservatorship issues, as well as professional ethics.  During 2008, LFH&S has
4 billed Ms. Wyle's services to its clients at a standard rate of $495 per hour.

5      5. My colleague, Vivian Lee Thoreen, received both a bachelor's degree
6 and a master's degree from Stanford University in 1998.  In 2002, Ms. Thoreen
7 received a juris doctorate from UCLA School of Law, where she was editor-in-chief
8 of the Asian Pacific American Law Journal.  Ms. Thoreen has practiced in the area
9 of trusts, estates, and conservatorships in Los Angeles since 2002.  She has been an
10 associate at LFH&S in the Family Wealth & Exempt Organizations practice group
11 since 2006.  Prior to that, she was an associate at Holland & Knight LLP in the
12 Private Wealth Services practice group since 2002.  During 2008, LFH&S has billed
13 Ms. Thoreen's services to its clients at a standard rate of $315 per hour.

14      6. According to LFH&S billing records, between February 14, 2008 –
15 when Mr. Eardley filed the purported Notice of Removal – and the time of filing of
16 Mr. Spears' motion to remand – I spent more than 45.0 hours working on matters
17 necessitated by the purported removal, including, *inter alia*: (a) strategizing and
18 communicating with co-counsel concerning the Notice of Removal and Mr. Spears'
19 response thereto; (b) researching and drafting the meet-and-confer letter, the papers
20 in support of the motion to remand, and the *ex parte* application to expedite the
21 hearing on the motion to remand; and (c) meeting and conferring with Mr. Eardley.
22 At my standard hourly rate of $525, my fees to date incurred as a result of the
23 purported removal total $23,625.

24      7. According to LFH&S billing records, between February 14, 2008 –
25 when Mr. Eardley filed the purported Notice of Removal – and the time of filing of
26 Mr. Spears' motion to remand – Ms. Wyle spent 4.0 hours working on matters
27 necessitated by the purported removal, including, *inter alia*: (a) strategizing and
28 communicating with co-counsel concerning the Notice of Removal and Mr. Spears'

1  response thereto; and (b) reviewing and revising drafts of the meet-and-confer letter,
2  the papers in support of the motion to remand, and the *ex parte* application to
3  expedite the hearing on the motion to remand; and (c) meeting and conferring with
4  Mr. Eardley.  At Ms. Wyle's standard hourly rate of $495, her fees to date incurred
5  as a result of the purported removal total $1,980.

6      8.  According to LFH&S billing records, between February 14, 2008 –
7  when Mr. Eardley filed the purported Notice of Removal – and the time of filing of
8  Mr. Spears' motion to remand – Ms. Thoreen spent 6.0 hours working on matters
9  necessitated by the purported removal, including, *inter alia*, preparing the Request
10 for Judicial Notice attaching all of the pleadings filed in the conservatorship
11 proceedings in the Probate Court.  At Ms. Thoreen's standard hourly rate of $315,
12 her fees to date incurred as a result of the purported removal total $1,890.

13     9.  Thus, as of the time of filing of Mr. Spears' motion to remand, Mr.
14 Spears has incurred total attorneys' fees of more than $27,495 as a result of the
15 remand.

16     10.  I anticipate that, in the event that the Court holds a hearing on the
17 motion to remand, I will spend 3.0 hours preparing for, traveling to and from, and
18 attending the hearing.  At my standard hourly rate of $525 per hour, my fees
19 incurred in connection with such a hearing would total $1,575.

20     11.  If appropriate, I will file a supplemental declaration itemizing any fees
21 and costs incurred by Mr. Spears as a result of the remand after the time of filing of
22 his motion to remand.

23     Executed on February 19, 2008 at Los Angeles, California.
24     I declare under penalty of perjury that the foregoing is true and correct.

27                 /s/ Jeffrey D. Wexler
                   Jeffrey D. Wexler
28