# EXHIBIT F

Geraldine A. Wyle (SBN 89735)
Jeryll S. Cohen (SBN 125392)
Jeffrey D. Wexler (SBN 132256)
Vivian Lee Thoreen (SBN 224162)
LUCE FORWARD HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone:   (213) 892-4992
Facsimile:    (213) 892-7731

Attorneys for Applicant James P. Spears

FILED
LOS ANGELES SUPERIOR COURT

FEB 01 2008

JOHN A. CLARKE, CLERK
BY G. PEREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

In re the Conservatorship of the Person of:

BRITNEY JEAN SPEARS,

　　　　Proposed Conservatee.

CASE NO. BP 108870

EX PARTE APPLICATION FOR ORDER FINDING GOOD CAUSE FOR EXCUSING NOTICE OF HEARING ON PETITION FOR APPOINTMENT OF TEMPORARY CONSERVATOR OF THE PERSON; MEMORANDUM OF POINTS AND AUTHORITIES

Date: February 1, 2008
Time: 10:30 a.m
Department: 9

1

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

Pursuant to Cal. Prob. Code § 2250 and Cal. R. Court 7.1062, applicant James P. Spears ("Applicant"), the father of the proposed conservatee Britney Jean Spears ("Britney"), will, and hereby does, respectfully apply to the Court for an Order finding that there is good cause for not giving notice of the hearing on the proposed appointment of a temporary conservator and, in the alternative, for waiving the requirement that notice be given five days before the hearing. Good cause exists for waiving the notice requirement because: (1) Britney or her estate may suffer immediate and substantial harm if Applicant is required to give five days' notice before the hearing, *see* Cal. R. Court 7.1062(d)(1); (2) Britney's medical treatment may be impaired if she is given notice prior to the hearing, *see* Cal. R. Court 7.1062(d)(2); (3) giving notice of the hearing would give notice to Osama ("Sam") Lutfi of the hearing, and there is a substantial risk that he might cause harm to Britney or her estate in advance of the hearing, *see id.*; and (4) there is an immediate and substantial medical emergency justifying waiver of the notice requirement, *see* Cal. R. Court 7.1062(d)(3), because Britney was on the morning of January 31, 2008 placed on a 72-hour hold pursuant to Cal. Welf. & Inst. Code § 5150 that expires on Sunday, February 3, 2008, less than five days after the date on which this *ex parte* application will be heard.

This application is based on this Application, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Lynne Spears, James P. Spears, and Geraldine A. Wyle filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, and such argument as may be presented in connection with the Application.

As set forth in the Declaration of Geraldine A. Wyle filed concurrently herewith, Applicant has not given notice to Britney of this Application. This *ex parte* application asks the Court to find that there is good cause for not giving notice of the hearing on the proposed appointment of a temporary conservator. Giving notice of the *ex parte* application would give

1 | Britney notice of the hearing on the proposed appointment of a temporary conservatory, contrary
2 | to the relief sought by this application.

3 | DATED: February 1, 2008              Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Geraldine A. Wyle
Attorneys for Applicant James P. Spears

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On the morning of January 31, 2008, proposed conservatee Britney Jean Spears ("Britney") was taken to UCLA Medical Center and placed on a 72-hour psychiatric hold pursuant to Cal. Welf. & Inst. Code § 5150. Britney's father, applicant James P. Spears ("Applicant"), is concurrently herewith filing a petition for the appointment of a conservator over Britney's person to ensure her personal safety and to make sure that she will receive the medical treatment that she needs.

Cal. Prob. Code § 2250(c) requires that notice of a conservatorship hearing be given at least five days before the hearing on the motion for conservatorship "[u]nless the court for good cause otherwise orders." *Id.* By this *ex parte* application, Applicant respectfully asks the Court to find that there is good cause for waiving Section 2250(c)'s notice requirement so that the Court may today hear Applicant's petition for appointment of a conservator.

Cal. R. Court 7.1062, effective as of January 1, 2008, sets forth the framework for finding good cause for an exception to the notice requirement of Section 2250(c). There is good cause for waiving the notice requirement because: (1) Britney or her estate may suffer immediate and substantial harm if Applicant is required to give five days' notice before the hearing, *see* Cal. R. Court 7.1062(d)(1); (2) Britney's medical treatment may be impaired if she is given notice prior to the hearing, *see* Cal. R. Court 7.1062(d)(2); (3) giving notice of the hearing would give notice to Osama ("Sam") Lutfi of the hearing, and there is a substantial risk that he might cause harm to Britney or her estate in advance of the hearing; and (4) there is an immediate and substantial medical emergency justifying waiver of the notice requirement because Britney's 72-hour 5150 hold expires on Sunday, February 3, 2008, less than five days after today's date.

### FACTUAL BACKGROUND

The underlying facts are set forth in the declaration of Lynne Spears filed concurrently herewith. Applicant will not burden the Court by repeating all of those facts here. For purposes of the issues raised by this *ex parte* application, the most important facts are the following.

As shown in Applicant's petition for appointment of a conservator and the papers filed in connection therewith, Britney needs immediate medical treatment.

On the morning of January 31, 2008, Britney was admitted to UCLA Medical Center on a 72-hour 5150 hold that will expire on Sunday, February 3, 2008 (less than five days from today).

As discussed at length in the declaration of Lynne Spears, Britney's mother, Mr. Lutfi has become the person closest to Britney, and has been exerting total control over her life, home, and finances. *See* Declaration of Lynne Spears, ¶¶ 2-20. Mr. Lutfi has put Britney in significant danger repeatedly, disabled Britney's cars and has disconnected her home telephone line and disposed of the chargers for her cell phones. *See id.*, ¶¶ 3, 7, 11, 14. He has been putting crushed pills into Britney's food. *See id.*, ¶ 8. He has admitted paparazzi into Britney's home. *See id.*, ¶¶ 3, 5.

On the evening of January 29, 2008, Mr. Lutfi told Lynne Spears that "You'd better learn that I control everything." *Id.*, ¶ 9. Mr. Lutfi told her that he controlled Britney's business manager Howard Grossman, her attorneys, and the security guards at the gate. *See id.* He told Lynne Spears that if he weren't in the house to give Britney her medication she would kill herself, and that, if Lynne Spears tried to get rid of him, Britney will "be dead and I'll piss on her grave." *Id.*, ¶ 10.

On January 31, 2008, after Britney was admitted to UCLA Medical Center, despite instructions given by Applicant and Lynne Spears, Mr. Lutfi was allowed to visit Britney at the hospital. *See* Declaration of James P. Spears, ¶ 3. Based upon Applicant's observation of Britney's emotional and psychological condition and her dealings with Mr. Lutfi, Applicant believes that Britney is incapable of keeping information from Mr. Lutfi. *See id.*, ¶ 4. In particular, Applicant believes that, if Britney knew that he was planning to seek a conservatorship for her, she would tell Mr. Lutfi about the planned conservatorship. *See id.*

# LEGAL ARGUMENT

## I. THERE IS GOOD CAUSE FOR EXCUSING NOTICE OF THE PROPOSED APPOINTMENT OF A TEMPORARY CONSERVATOR.

### A. The Standard for Excusing Notice.

Under Cal. Prob. Code § 2250(c)(2), as amended by the Omnibus Conservatorship and Guardianship Reform Act of 2006, effective on July 1, 2007, *"[u]nless the court for good cause otherwise orders*, at least five days before the hearing on the petition, notice of the hearing . . . shall be . . . personally delivered to the proposed conservatee, and notice of the hearing shall be served on the persons required to be named in the petition for appointment of conservator." *Id.* (emphasis added).

Here, the following persons are required to be named in the petition for appointment of the conservator pursuant to Cal. Prob. Code § 1460(b): (1) Britney; (2) Britney's father James P. Spears, the applicant herein; (3) Britney's mother Lynne Spears, who is aware of and consents to the petition; (4) Britney's brother Bryan Spears, who is aware of the petition; (5) Britney's sister Jamie-Lynn Spears, who is a minor; (6) Britney's two-year-old son Sean Preston Federline; (7) Britney's one-year-old son Jayden James Federline; and (8) Britney's paternal grandfather June Austin Spears.

Cal. Prob. Code § 2250(j) provides that "[o]n or before January 1, 2008, the Judicial Council shall adopt a rule of court that establishes uniform standards for good cause exceptions to the notice required by subdivision (c), limiting those exceptions to only cases when waiver of the notice is essential to protect the proposed conservatee or ward, or the estate of the proposed conservatee or ward, from substantial harm." *Id.* Fulfilling this mandate, the Judicial Council adopted Cal. R. Court 7.1062, effective on January 1, 2008.

"The purpose of [Rule 7.1062] is to establish uniform standards for the good cause exception to the notice of the hearing required on a petition for appointment of a temporary conservator under Probate Code section 2250(c)." Cal. R. Court 7.1062(a). Rule 7.1062(c) recognizes the Court's power to make an exception to Section 2250's notice requirement by,

*inter alia*, "[w]aiving notice to one, more than one, or all persons entitled to notice." Cal. R. Court 7.1062(c)(1).

Rule 7.1062(b) states the general rule that "[g]ood cause for an exception to the notice required by section 2250(c) must be based on a showing that *the exception is necessary to protect the proposed conservatee or his or her estate from immediate and substantial harm.*" Cal. R. Court 7.1062(b) (emphasis added). Rule 7.1062(d) sets forth a non-exclusive list of facts that may establish good cause:

> Good cause for an exception to the notice requirement of section 2250(c) may include a showing of:
>
> (1) *Harm caused by the passage of time. The showing must demonstrate the immediate and substantial harm to the conservatee or the conservatee's estate that could occur during the notice period.*
>
> (2) *Harm that one or more persons entitled to notice might do to the proposed conservatee or the proposed conservatee's estate if notice is given. Such a showing would not support an exception to the requirement to give notice to any other person entitled to notice unless it also demonstrates that notice cannot reasonably be given to the other person without also giving notice to the persons who might cause harm.*
>
> (3) *Medical emergency. The emergency must be immediate and substantial and treatment (1) must be reasonably unavailable unless a temporary conservator is appointed and (2) cannot be deferred for the notice period because of the proposed conservatee's pain or extreme discomfort or a significant risk of harm.*
>
> (4) Financial emergency. The emergency must be immediate and substantial and other means shown likely to be ineffective to prevent loss or further loss to the proposed conservatee's estate during the notice period.

*Id.* (emphasis added).

Rule 7.1062(e) sets forth the information that must be included in a request for a good cause exception to the notice requirement:

> A request for a good cause exception to the notice requirement of section 2250(c) must be in writing, separate from the petition for appointment of a temporary conservator, and must include:
>
> (1) An application containing the case caption and stating the relief requested;

(2) An affirmative factual showing in support of the application in a declaration under penalty of perjury containing competent testimony based on personal knowledge;

(3) A declaration under penalty of perjury based on personal knowledge containing the information required for an ex parte application under rule 3.1204(b);

(4) A memorandum; and

(5) A proposed order.

*Id.*[1]

### B. The Court Should Find Good Cause for Excusing Applicant from Giving Notice of the Hearing of the Proposed Appointment of a Temporary Conservator.

Good cause exists for allowing the hearing on the conservatorship petition to proceed without giving five days' notice prior to the hearing.

First, immediate and substantial harm to Britney could occur because of the passage of time. *See* Cal. R. Court 7.1062(d)(1). Britney's 72-hour 5150 hold will expire on Sunday, February 3, 2008, two days from today. In the absence of an additional hold of up to 14 days pursuant to Cal. Welf. & Inst. Code § 5250, Britney will be released from UCLA Medical Center before a hearing could be held on five days' notice. Unless a conservatorship is in place by the time that Britney must be released from the hospital, it will be impossible to ensure that she

---

[1] Cal. R. Court 3.1204(b) provides that:

> An ex parte application must be accompanied by a declaration regarding notice stating:
>
> (1) The notice given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;
>
> (2) That the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or
>
> (3) That, for reasons specified, the applicant should not be required to inform the opposing party.

*Id.*

continues to receive necessary medical treatment. Accordingly, there is good cause for waiving the requirement of five days' notice.

Second, giving notice of the hearing might result in harm being caused to Britney or her estate. *See* Cal. R. Court 7.1062(d)(2). Such notice would be likely to negatively affect Britney's medical treatment. Furthermore, if Britney is given notice of the hearing, Mr. Lutfi would be likely to learn of the hearing, not only because of his attempts to remain in personal contact with Britney but also because information concerning the hearing might be reported by the media. There is a significant risk that Mr. Lutfi may cause harm to Britney or her estate when faced with the likelihood that he will lose control over them. Accordingly, there is good cause for waiving any notice to Britney.

Third, as is demonstrated by Britney's 5150 hold, there is an immediate and substantial medical emergency justifying a waiver of the notice requirement. *See* Cal. R. Court 7.1062(d)(3). While Britney is currently receiving the required medical treatment, she will stop receiving such treatment upon expiration of the 72-hour hold unless a conservator is appointed. there is a significant risk of harm to Britney if treatment is unavailable during that period. Accordingly, there is good cause for waiving the requirement of five days' notice.

## CONCLUSION

For the reasons set forth herein, applicant Jamie Spears respectfully asks the Court to enter an Order finding that there is good cause for not giving notice of the hearing on the proposed appointment of a temporary conservator.

DATED: February 1, 2008          Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
    Geraldine A. Wyle
    Attorneys for Applicant James P. Spears