# EXHIBIT J

1  Geraldine A. Wyle (SBN 89735)
2  Jeryll S. Cohen (SBN 125392)
   Jeffrey D. Wexler (SBN 132256)
   Vivian Lee Thoreen (SBN 224162)
3  LUCE FORWARD HAMILTON & SCRIPPS LLP
   601 South Figueroa, Suite 3900
4  Los Angeles, California 90017
   Telephone:     (213) 892-4992
5  Facsimile:     (213) 892-7731

6  Attorneys for Applicant James P. Spears

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 01 2008

JOHN A. CLARKE, CLERK
BY G. PEREZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11  In re the Conservatorship of the Estate of:

12  BRITNEY JEAN SPEARS,

13            Proposed Conservatee.

CASE NO.  BP *l0887u*

**EX PARTE APPLICATION FOR ORDER
FINDING GOOD CAUSE FOR EXCUSING
NOTICE OF HEARING ON PETITION
FOR APPOINTMENT OF TEMPORARY
CONSERVATOR OF THE ESTATE;
MEMORANDUM OF POINTS AND
AUTHORITIES**

Date: February 1, 2008
Time: 10:30 a.m
Department: 11

1

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

1    Pursuant to Cal. Prob. Code § 2250 and Cal. R. Court 7.1062, applicant James P. Spears

2   ("Applicant"), the father of the proposed conservatee Britney Jean Spears ("Britney"), will, and

3   hereby does, respectfully apply to the Court for an Order finding that there is good cause for not

4   giving notice of the hearing on the proposed appointment of a temporary conservator and, in the

5   alternative, for waiving the requirement that notice be given five days before the hearing.  Good

6   cause exists for waiving the notice requirement because: (1) the estate may suffer immediate and

7   substantial harm if Applicant is required to give five days' notice before the hearing, *see* Cal. R.

8   Court 7.1062(d)(1); (2) giving notice of the hearing would give notice to Osama ("Sam") Lutfi of

9   the hearing, and there is a substantial risk that he might cause harm to Britney or her estate in

10   advance of the hearing, *see* Cal. R. Court 7.1062(d)(2); and (3) there is an immediate and

11   substantial risk of loss or further loss to Britney's estate during the notice period, *see* Cal. R.

12   Court 7.1062(d)(4).

13    This application is based on this Application, the Memorandum of Points and Authorities

14   filed concurrently herewith, the Declarations of Lynne Spears, James P. Spears, and Geraldine A.

15   Wyle filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, and such

16   argument as may be presented in connection with the Application.

17    As set forth in the Declaration of Geraldine A. Wyle filed concurrently herewith,

18   Applicant has not given notice of this Application.  This *ex parte* application asks the Court to

19   find that there is good cause for not giving notice of the hearing on the proposed appointment of

20   a temporary conservator.  Giving notice of the *ex parte* application would give Britney notice of

21   the hearing on the proposed appointment of a temporary conservatory, contrary to the relief

22   sought by this application.

23   DATED: February 1, 2008          Respectfully submitted,

24

25                     LUCE, FORWARD, HAMILTON & SCRIPPS LLP

26

27   By:_____

28                     Geraldine A. Wyle
                      Attorneys for Applicant James P. Spears

2

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On the morning of January 31, 2008, proposed conservatee Britney Jean Spears ("Britney") was taken to UCLA Medical Center and placed on a 72-hour psychiatric hold pursuant to Cal. Welf. & Inst. Code § 5150. Britney's father, applicant James P. Spears ("Applicant"), is concurrently herewith filing a petition for the appointment of a conservator over Britney's estate.

Cal. Prob. Code § 2250(c) requires that notice of a conservatorship hearing be given at least five days before the hearing on the motion for conservatorship "[u]nless the court for good cause otherwise orders." *Id.* By this *ex parte* application, Applicant respectfully asks the Court to find that there is good cause for waiving Section 2250(c)'s notice requirement so that the Court may today hear Applicant's petition for appointment of a conservator.

Cal. R. Court 7.1062, effective as of January 1, 2008, sets forth the framework for finding good cause for an exception to the notice requirement of Section 2250(c). Good cause exists for waiving the notice requirement because: (1) the estate may suffer immediate and substantial harm if Applicant is required to give five days' notice before the hearing, *see* Cal. R. Court 7.1062(d)(1); (2) giving notice of the hearing would give notice to Osama ("Sam") Lutfi of the hearing, and there is a substantial risk that he might cause harm to Britney or her estate in advance of the hearing, *see* Cal. R. Court 7.1062(d)(2); and (3) there is an immediate and substantial risk of loss or further loss to Britney's estate during the notice period, *see* Cal. R. Court 7.1062(d)(4).

### FACTUAL BACKGROUND

The underlying facts are set forth in the declarations of James P. Spears and Lynne Spears filed concurrently herewith. Applicant will not burden the Court by repeating all of those facts here. For purposes of the issues raised by this *ex parte* application, the most important facts are the following.

As shown in Applicant's petition for appointment of a conservator and the papers filed in connection therewith, Britney needs immediate medical treatment.

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

On the morning of January 31, 2008, Britney was admitted to UCLA Medical Center on a 72-hour 5150 hold that will expire on Sunday, February 3, 2008 (less than five days from today).

As discussed at length in the declaration of Lynne Spears, Britney's mother, Mr. Lutfi has become the person closest to Britney and has been exerting total control over her life, home, and finances. *See* Declaration of Lynne Spears, ¶¶ 2-20. Mr. Lutfi has put Britney in significant danger repeatedly, has disabled her cars, and has disconnected her home telephone line and disposed of the chargers for her cell phones. *See id.*, ¶¶ 3, 7, 11, 14. He has been putting crushed pills into Britney's food. *See id.*, ¶ 8. He has admitted paparazzi into Britney's home. *See id.*, ¶¶ 3, 5.

On the evening of January 29, 2008, Mr. Lutfi told Lynne Spears that "You'd better learn that I control everything." *Id.*, ¶ 9. Mr. Lutfi told her that he controlled Britney's business manager Howard Grossman, her attorneys, and the security guards at the gate. *See id.* He told Lynne Spears that if he weren't in the house to give Britney her medication she would kill herself, and that, if Lynne Spears tried to get rid of him, Britney will "be dead and I'll piss on her grave." *Id.*, ¶ 10.

On January 31, 2008, after Britney was admitted to UCLA Medical Center, despite instructions given by Applicant and Lynne Spears, Mr. Lutfi was allowed to visit Britney at the hospital. *See* Declaration of James P. Spears, ¶ 3. Based upon Applicant's observation of Britney's emotional and psychological condition and her dealings with Mr. Lutfi, Applicant believes that Britney is incapable of keeping information from Mr. Lutfi. *See id.*, ¶ 4. In particular, Applicant believes that, if Britney knew that he was planning to seek a conservatorship for her, she would tell Mr. Lutfi about the planned conservatorship. *See id.*

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

1

## LEGAL ARGUMENT

2

**I.      THERE IS GOOD CAUSE FOR EXCUSING NOTICE OF THE PROPOSED
APPOINTMENT OF A TEMPORARY CONSERVATOR.**

3

4

**A.      The Standard for Excusing Notice.**

Under Cal. Prob. Code § 2250(c)(2), as amended by the Omnibus Conservatorship and

5

6

Guardianship Reform Act of 2006, effective on July 1, 2007, "*[u]nless the court for good cause*

7

*otherwise orders*, at least five days before the hearing on the petition, notice of the hearing . . .

8

shall be . . . personally delivered to the proposed conservatee, and notice of the hearing shall be

9

served on the persons required to be named in the petition for appointment of conservator." *Id.*

10

(emphasis added).

11

Here, the following persons are required to be named in the petition for appointment of

12

the conservator pursuant to Cal. Prob. Code § 1460(b): (1) Britney; (2) Britney's father James P.

13

Spears, the applicant herein; (3) Britney's mother Lynne Spears, who is aware of and consents to

14

the petition; (4) Britney's brother Bryan Spears, who is aware of the petition; (5) Britney's sister

15

Jamie-Lynn Spears, who is a minor; (6) Britney's two-year-old son Sean Preston Federline; (7)

16

Britney's one-year-old son Jayden James Federline; and (8) Britney's paternal grandfather June

17

Austin Spears.

18

Cal. Prob. Code § 2250(j) provides that "[o]n or before January 1, 2008, the Judicial

19

Council shall adopt a rule of court that establishes uniform standards for good cause exceptions

20

to the notice required by subdivision (c), limiting those exceptions to only cases when waiver of

21

the notice is essential to protect the proposed conservatee or ward, or the estate of the proposed

22

conservatee or ward, from substantial harm." *Id.*  Fulfilling this mandate, the Judicial Council

23

adopted Cal. R. Court 7.1062, effective on January 1, 2008.

24

"The purpose of [Rule 7.1062] is to establish uniform standards for the good cause

25

exception to the notice of the hearing required on a petition for appointment of a temporary

26

conservator under Probate Code section 2250(c)." Cal. R. Court 7.1062(a).  Rule 7.1062(c)

27

recognizes the Court's power to make an exception to Section 2250's notice requirement by,

28

*inter alia*, "[w]aiving notice to one, more than one, or all persons entitled to notice." Cal. R.
Court 7.1062(c)(1).

Rule 7.1062(b) states the general rule that "[g]ood cause for an exception to the notice required by section 2250(c) must be based on a showing that *the exception is necessary to protect the proposed conservatee or his or her estate from immediate and substantial harm.*" Cal. R. Court 7.1062(b) (emphasis added).  Rule 7.1062(d) sets forth a non-exclusive list of facts that may establish good cause:

> Good cause for an exception to the notice requirement of section 2250(c) may include a showing of:
>
> (1)  *Harm caused by the passage of time.  The showing must demonstrate the immediate and substantial harm to the conservatee or the conservatee's estate that could occur during the notice period.*
>
> (2)  *Harm that one or more persons entitled to notice might do to the proposed conservatee or the proposed conservatee's estate if notice is given.  Such a showing would not support an exception to the requirement to give notice to any other person entitled to notice unless it also demonstrates that notice cannot reasonably be given to the other person without also giving notice to the persons who might cause harm.*
>
> (3)  Medical emergency.  The emergency must be immediate and substantial and treatment (1) must be reasonably unavailable unless a temporary conservator is appointed and (2) cannot be deferred for the notice period because of the proposed conservatee's pain or extreme discomfort or a significant risk of harm.
>
> (4)  *Financial emergency.  The emergency must be immediate and substantial and other means shown likely to be ineffective to prevent loss or further loss to the proposed conservatee's estate during the notice period.*

*Id.* (emphasis added).

Rule 7.1062(e) sets forth the information that must be included in a request for a good cause exception to the notice requirement:

> A request for a good cause exception to the notice requirement of section 2250(c) must be in writing, separate from the petition for appointment of a temporary conservator, and must include:
>
> (1)  An application containing the case caption and stating the relief requested;
>
> (2)  An affirmative factual showing in support of the application in a declaration under penalty of perjury containing competent testimony based on personal knowledge;

EX PARTE APP. FOR ORDER EXCUSING NOTICE OF HEARING RE CONSERVATOR; MEMO. OF Ps & As

(3)     A declaration under penalty of perjury based on personal knowledge containing the information required for an ex parte application under rule 3.1204(b);

(4)     A memorandum; and

(5)     A proposed order.

*Id.*[1]

**B.     The Court Should Find Good Cause for Excusing Applicant from Giving Notice of the Hearing of the Proposed Appointment of a Temporary Conservator.**

Good cause exists for allowing the hearing on the conservatorship petition to proceed without giving Britney five days' notice prior to the hearing.

Immediate and substantial harm to Britney or to her estate could occur because of the passage of time, and giving notice to Britney of the hearing might result in harm being caused to Britney or her estate, and could result in loss or further loss to Britney's estate. *See* Cal. R. Court 7.1062(d)(1), (2), (4).  Mr. Lutfi is in control of Britney's house and other assets.  If Britney is given notice of the hearing, Mr. Lutfi would be likely to learn of the hearing, not only because of his attempts to remain in personal contact with Britney but also because information concerning the hearing might be reported by the media.  There is a significant risk that Mr. Lutfi may cause harm to Britney and her estate when faced with the likelihood that he will lose control over them. Even if Mr. Lutfi does not learn of the conservatorship, if the appointment of a conservator for

---

[1]     Cal. R. Court 3.1204(b) provides that:

An ex parte application must be accompanied by a declaration regarding notice stating:

(1)     The notice given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;

(2)     That the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or

(3)     That, for reasons specified, the applicant should not be required to inform the opposing party.

*Id.*

7

the estate were delayed by five days he would still have the ability to dissipate the estate's assets
or to take other steps that would make it difficult or impossible for the conservator to recover
those assets.

## CONCLUSION

For the reasons set forth herein, applicant Jamie Spears respectfully asks the Court to
enter an Order finding that there is good cause for not giving notice to Britney Spears of the
hearing on the proposed appointment of a temporary conservator.

DATED: February 1, 2008          Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By:

Geraldine A. Wyle
Attorneys for Applicant James P. Spears