# EXHIBIT Q

| | |
|---|---|
| 1 | Geraldine A. Wyle (SBN 89735) |
| | Jeryll S. Cohen (SBN 125392) |
| 2 | Jeffrey D. Wexler (SBN 132256) |
| | Vivian Lee Thoreen (SBN 224162) |
| 3 | LUCE FORWARD HAMILTON & SCRIPPS LLP |
| | 601 South Figueroa, Suite 3900 |
| 4 | Los Angeles, California 90017 |
| | Telephone: (213) 892-4992 |
| 5 | Facsimile: (213) 892-7731 |
| 6 | Attorneys for Applicant James P. Spears |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| In re the Conservatorship of the Estate of:<br><br>BRITNEY JEAN SPEARS,<br><br>Proposed Conservatee. | CASE NO. BP _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO SEAL RECORD RE CONSERVATORSHIP OF THE ESTATE PENDING FURTHER ORDER OF THE COURT**<br><br>Date: February 1, 2008<br>Time: 10:30 a.m<br>Department: 11 |

1

MEMO. OF Ps & As IN SUPPORT OF APPLICATION TO SEAL RECORD
PENDING FURTHER ORDER OF THE COURT

## INTRODUCTION

Applicant James P. Spears ("Applicant") has initiated these proceedings to appoint a conservator of the estate of his daughter, Britney Jean Spears ("Britney"). By this application, Applicant respectfully asks the Court to seal these proceedings pending further Order of the Court to allow the newly appointed conservator to take the steps necessary to ensure Britney's safety and to secure the assets of the estate before the fact of the conservatorship has been made public.

## FACTUAL BACKGROUND

Because the underlying facts are set forth in the Petition for Conservatorship and the declarations filed in support thereof, Applicant will not burden the Court by repeating all of such facts here. For purposes of this application, the most important fact is that Osama ("Sam") Lutfi is in control of Britney's house and other assets, and he may, if given notice of the conservatorship, take steps that would make it more difficult or impossible for the conservator to secure the assets of the estate.

As discussed at length in the declaration of Lynne Spears, Britney's mother, Mr. Lutfi has been exerting total control over Britney's life, home, and finances. *See* Declaration of Lynne Spears, ¶¶ 2-20. Mr. Lutfi has disabled Britney's cars and has disconnected her home telephone line and disposed of the chargers for her cell phones. *See id.*, ¶¶ 3, 7, 11, 14. He has been putting crushed pills into Britney's food. *See id.*, ¶ 8. He has admitted paparazzi into Britney's home. *See id.*, ¶¶ 3, 5.

On the evening of January 29, 2008, Mr. Lutfi told Lynne Spears that "You'd better learn that I control everything." *Id.*, ¶ 9. Mr. Lutfi told her that he controlled Britney's business manager Howard Grossman, her attorneys, and the security guards at the gate. *See id.* He told Lynne Spears that if he weren't in the house to give Britney her medication she would kill herself, and that, if Lynne Spears tried to get rid of him, Britney will "be dead and I'll piss on her grave." *Id.*, ¶ 10.

## LEGAL ARGUMENT

### I. THE COURT SHOULD SEAL THESE PROCEEDINGS FOR 24 HOURS IN ORDER TO ALLOW THE CONSERVATOR TO ENSURE BRITNEY'S SAFETY AND TO SECURE THE ESTATE'S ASSETS.

This motion to seal is subject to the standard and procedures set forth in Cal. R. Court 2.550 and 2.551.[1] Under Cal. R. Court 2.550(d), which is based on the standards enunciated by the Supreme Court in *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178 (1999), a court may seal the record "if it expressly finds facts that establish":

    (1) There exists an overriding interest that overcomes the right of public access to the record;

    (2) The overriding interest supports sealing the record;

    (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;

    (4) The proposed sealing is narrowly tailored; and

    (5) No less restrictive means exist to achieve the overriding interest.

*Id.* See Advisory Committee Comment to Cal. R. Court 2.550 ("[c]ourts have found that, under appropriate circumstances, various statutory privileges, trade secrets, and privacy interests, when properly asserted and not waived, may constitute 'overriding interests'").

These factors are all present here. First, there is an overriding interest in ensuring that the conservator has the opportunity to take the steps necessary to ensure Britney's safety and to secure the assets of the estate. *See* Cal. R. Court 2.550(d)(1). Second, this overriding interest would be supported by a sealing order because there is a substantial probability that Mr. Lutfi, if aware that the Court had ordered a conservatorship, might engage in conduct that would cause harm to Britney or make it more difficult if not impossible for the conservator to take control of the estate's assets. *See* Cal. R. Court 2.550(d)(2), (3). Third, the proposed sealing is as narrowly tailored as possible, and no less restrictive means exist to achieve the overriding interest; a delay in making public information concerning the conservatorship until the conservator has taken the necessary steps would have a minimal effect on the public. *See* Cal. R. Court 2.550(d)(4), (5).

---

[1] Prior to January 1, 2007, these standards and procedures were designated as Cal. R. Court 243.1 and 243.2, respectively.

For these reasons, Applicant respectfully asks the Court to seal the record of this conservatorship proceeding pending further Order of the Court.

DATED: February 1, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeryll S. Cohen
Attorneys for Applicant James P. Spears