# EXHIBIT HH

1  Geraldine A. Wyle (SBN 89735)
   Jeryll S. Cohen (SBN 125392)
2  Jeffrey D. Wexler (SBN 132256)
   Vivian Lee Thoreen (SBN 224162)
3  LUCE FORWARD HAMILTON & SCRIPPS LLP
   601 South Figueroa, Suite 3900
4  Los Angeles, California 90017
   Telephone:    (213) 892-4992
5  Facsimile:    (213) 892-7731

6  Attorneys for Temporary Conservator
   of the Person and Temporary Co-Conservator
7  of the Estate James P. Spears

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 In re the Temporary Conservatorship of the      CASE NO.  BP 108870
   Person and the Estate of:
13                                                  **DECLARATION OF GERALDINE A.**
                                                    **WYLE RE EFFORTS TO CONTACT PVP**
14 BRITNEY JEAN SPEARS,                             **COUNSEL AND FAMILY LAW COUNSEL**
                                                    **RE CONSERVATORSHIP AND TO**
15           Temporary Conservatee.                 **OBTAIN CAPACITY DECLARATION**
                                                    **FROM PREVIOUS TREATING**
16                                                  **PHYSICIAN**

17                                                  Date: February 4, 2008
                                                    Time: 1:30 p.m
18                                                  Department: 9

19

20

21

22

23

24

25

26

27

28

FILED
LOS ANGELES SUPERIOR COURT

FEB 0 4 2008

JOHN A. _____, CLERK
           *amurdock*
BY ANDREA MURDOCK, DEPUTY

1

WYLE DECL. RE EFFORTS TO CONTACT COUNSEL AND TO OBTAIN CAPACITY DECL.

## DECLARATION OF GERALDINE A. WYLE

I, Geraldine A. Wyle, declare:

1.     I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Luce, Forward, Hamilton & Scripps LLP ("Luce Forward"), counsel of record for James P. Spears ("Mr. Spears"), the father of Britney Jean Spears ("Britney") and temporary conservator of the person and temporary co-conservator of the estate of Britney Jean Spears. Except as otherwise stated, the statements contained herein are based on my personal knowledge and experience. If called as a witness, I could and would testify competently to those facts.

2.     At approximately 9 a.m. on Saturday, February 2, 2008, medical personnel at UCLA Medical Center informed me that a young lawyer, later identified as Tara Scott of Trope & Trope, had already been at the hospital for some time waiting to see Britney. Medical personnel told me that Britney was initially unresponsive to Ms. King's request and finally, after Ms. Scott visited for a very short while, Britney stated that she was too tired to talk.

3.     At approximately 1:12 p.m. on Saturday, February 2, 2008, my colleague Vivian Thoreen, an associate at Luce Forward also representing Mr. Spears, and I received an e-mail communication from Adam Streisand, a partner at Loeb & Loeb LLP. In response, I sent Mr. Streisand an e-mail inviting him to contact my colleague Jeryll Cohen, a special counsel at Luce Forward also representing Mr. Spears, who would arrange a conference call over the weekend at which we could discuss this matter. Because I was traveling on vacation and was about to enter and remain in an area where I would have no cell phone or e-mail access, I forwarded that e-mail to Ms. Cohen. As I have no e-mail access, I do not know whether Mr. Streisand responded directly to me instead of to Ms. Cohen as I had requested.

4.     In the early afternoon of Saturday, February 2, 2008, I contacted Dr. James Long, a psychiatrist who had treated Britney at some point in 2007 and has had some reporting function to the family law court, the details of which I am unaware. I informed Dr. Long of the orders appointing temporary conservators and letters of temporary conservatorship for both Britney's estate and person and told him that, while Dr. Long was under no order to provide a capacity declaration, Mr. Spears had been informed by the Court that he needed to provide a capacity

2

1   declaration so that the Court could make necessary determinations relating to the

2   conservatorships.  I explained the content and format of the capacity declaration to Dr. Long, and

3   Dr. Long then informed me that he needed to talk to his lawyer regarding his ability to provide a

4   capacity declaration.  I informed Dr. Long that I would try to reach him over the weekend.  I left

5   a message on Dr. Long's office voice mail on the evening of Saturday, February 2, 2008 and

6   then paged him late in the morning on Sunday, February 3, 2008. Dr. Long promptly returned the

7   page and told me that he had been instructed by his attorney not to discuss the matter with me.  I

8   requested that Dr. Long ask his attorney to call me and provided my telephone number at the

9   hotel at which I am staying.  I received a telephone message from the hotel receptionist stating

10  that Dr. Long had called the main number and asked the receptionist to give me the message that

11  neither Dr. Long nor his counsel may speak with me.

12          Executed on February 4, 2008 at Sedona, Arizona.

13          I declare under penalty of perjury of the laws of the State of California that the foregoing

14  is true and correct.

15

16

17                                          GERALDINE A. WYLE

18

19

20

21

22

23

24

25

26

27

28

WYLE DECL. RE EFFORTS TO CONTACT COUNSEL AND TO OBTAIN CAPACITY DECL.