# EXHIBIT KK

Geraldine A. Wyle (SBN 89735)
Jeryll S. Cohen (SBN 125392)
Jeffrey D. Wexler (SBN 132256)
Vivian Lee Thoreen (SBN 224162)
LUCE FORWARD HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone:   (213) 892-4992
Facsimile:    (213) 892-7731

Attorneys for Temporary Conservator
of the Person and Temporary Co-Conservator
of the Estate James P. Spears

FILED
LOS ANGELES SUPERIOR COURT

FEB 0 4 2008

JOHN A. C... ..E, CLERK
*amurdock*
BY ANDREA MURDOCK, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| In re the Temporary Conservatorship of the Person and the Estate of:<br><br>BRITNEY JEAN SPEARS,<br><br>Temporary Conservatee. | CASE NO. BP 108870<br><br>**NOTICE OF PARTIAL WITHDRAWAL OF APPLICATIONS TO SEAL RECORDS**<br><br>Date: February 4, 2008<br>Time: 1:30 p.m<br>Department: 9 |
|---|---|

1

PARTIAL WITHDRAWAL OF APPLICATION TO SEAL RECORD RE CONSERVATORSHIP OF PERSON

1  Temporary Conservator of the Person and Temporary Co-Conservator of the Estate
2  James P. Spears ("Mr. Spears") hereby partially withdraws his applications to seal the record of
3  proceedings concerning: (1) his petition for conservatorship of the person insofar as that
4  application seeks to seal the record of proceedings in its entirety; and (2) his application to seal
5  the record of proceedings concerning his petition for conservatorship of the estate insofar as that
6  application seeks to seal the record of proceedings in its entirety pending further Order of the
7  Court. Events have rendered those applications moot to the extent that they sought to seal the
8  record of proceedings in its entirety.

9  By partially withdrawing his applications, Mr. Spears does not waive his right to claim
10 confidentiality as to those records that are required to be kept confidential by law. Mr. Spears
11 reserves the right to apply to the Court to seal Court records that are not required to be kept
12 confidential by law, as authorized by Cal. R. Court 2.550 and 2.551. Mr. Spears also reserves
13 the right to ask the Court that the proceedings be closed as appropriate to protect confidential
14 information.

15 Based upon the law and facts set forth in his applications, Mr. Spears respectfully asks
16 the Court to find, pursuant to the factors set forth in Rule 2.550(d), that to the extent that the
17 Legislature has provided that certain information related to the conservatorship shall be deemed
18 confidential (*e.g.*, the information set forth in the supplemental information form (including the
19 declarations of capacity, which may be attached to the supplemental information form), *see* Cal.
20 Prob. Code § 1821(a), and the Court investigator's report, *see* Cal. Prob. Code § 1826(n)), the
21 Court proceedings will be sealed to the extent that there is any substantive discussion concerning
22 such information. Mr. Spears does not, however, ask the Court to seal the proceedings as to any
23 ultimate factual findings that it may make based upon the information designated as confidential
24 by the Legislature.

25 With regard to the factors set forth in Rule 2.550(d): (1) the Legislature has already
26 determined that there is an overriding interest in privacy that overcomes the right of public
27 access to information that is to be deemed confidential as a matter of law, *see* Cal. R. Court
28

PARTIAL WITHDRAWAL OF APPLICATION TO SEAL RECORD RE CONSERVATORSHIP OF PERSON

2.550(d)(1); (2) the Legislature has already determined that this overriding interest in privacy supports sealing the record with regard to such information, *see* Cal. R. Court 2.550(d)(2); (3) there is a substantial likelihood that this overriding interest in privacy will be prejudiced if the information deemed to be confidential by the Legislature is discussed in open proceedings, *see* Cal. R. Court 2.550(d)(3); (4) the proposed sealing is narrowly tailored to address only information that the Legislature has determined to be entitled to confidentiality, *see* Cal. R. Court 2.550(d)(4); and (5) no less restrictive means exist to achieve the overriding interest, *see* Cal. R. Court 2.550(d)(5).

For purposes of the hearing on February 4, 2008, Mr. Spears asks the Court: (1) to seal the capacity declarations; and (2) to seal the proceedings with regard to any substantive discussion concerning the capacity declarations or the supplemental information form to be presented to the Court in connection with that hearing. Mr. Spears does not, however, ask the Court to seal the proceedings as to any ultimate factual findings that it may make based upon the capacity declarations.

Sealing the capacity declarations is necessary in order to protect the therapeutic relationships between Britney and the medical and mental health professionals who are treating her.

DATED: February 4, 2008          Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeryll S. Cohen
Attorneys for Temporary Conservator
of the Person and Temporary Co-Conservator
of the Estate James P. Spears

3
PARTIAL WITHDRAWAL OF APPLICATION TO SEAL RECORD RE CONSERVATORSHIP OF PERSON