# EXHIBIT PP

Geraldine A. Wyle (SBN 89735)
Jeryll S. Cohen (SBN 125392)
Jeffrey D. Wexler (SBN 132256)
Vivian Lee Thoreen (SBN 224162)
**LUCE FORWARD HAMILTON & SCRIPPS LLP**
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone:   (213) 892-4992
Facsimile:    (213) 892-7731

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

ORIGINAL FILED

FEB 0 7 2008

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of:<br><br>BRITNEY JEAN SPEARS,<br><br>Temporary Conservatee. | CASE NO. BP 108870<br><br>**EX PARTE APPLICATION FOR ORDER: (1) GRANTING POWER TO FIRE HOWARD GROSSMAN; (2) REQUIRING HOWARD GROSSMAN TO TURN OVER ALL DOCUMENTS AND RECORDS; AND (3) TO TURN OVER ALL ASSETS RELATING TO BRITNEY SPEARS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 7, 2008<br>Time: 1:30 p.m.<br>Department: 9<br>Judge:  Hon. Reva Goetz, Judge Pro Tem |

1

EX PARTE APP. FOR ORDER RE HOWARD GROSSMAN; MEMO. OF Ps & As

PLEASE TAKE NOTICE that James P. Spears ("Mr. Spears") as Temporary Conservator of the Person and Temporary Co-Conservator of the Estate of Britney Jean Spears, the father of temporary conservatee Britney Jean Spears ("Britney"), will, and hereby does, respectfully apply to the Court *ex parte* for an Order:

(1) granting authority to Mr. Spears and Andrew M. Wallet as Temporary Co-Conservators of the Estate of Britney Jean Spears (collectively, the "Temporary Co-Conservators") to fire Howard Grossman ("Mr. Grossman"), Britney's business manager;

(2) requiring Mr. Grossman, and his partners, agents, attorneys, employees, or anyone acting in concert with them, to immediately turn over to the Temporary Co-Conservators any and all documents and records relating to the assets, debts, and liabilities of (i) Britney, (ii) any trust as to which Britney is a trustee or beneficiary, or (iii) any corporation or business entity of which Britney is an owner, including but not limited to all contracts, information relating to credit cards, bank statements, checkbooks, passbooks, estate planning documents, receivables, tax returns, letters from tax reporting authorities, tax reporting documents, title documents, and any and all powers of attorney; and

(3) requiring Mr. Grossman, and his partners, agents, attorneys, employees, or anyone acting in concert with them, to immediately turn over all of Britney's assets, including, but not limited to keys, safe deposit keys, deeds, contracts, money, securities, bonds, and stock certificates.

This application is based on this Application, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Geraldine A. Wyle, Jeryll S. Cohen, Jeffrey D. Wexler, and Vivian Lee Thoreen filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, and such argument as may be presented in connection with the Application.

As set forth in the Declaration of Vivian Lee Thoreen filed concurrently herewith, Mr. Spears gave notice to Samuel Ingham III, PVP counsel for Britney, of this Application by an e-

mail sent on February 6, 2008. Mr. Ingham stated that he consents to the Application and will appear at the hearing on the Application.

DATED: February 7, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeryll S. Cohen
Attorneys for Temporary Conservator
of the Person and Temporary Co-Conservator
of the Estate James P. Spears

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Howard Grossman ("Mr. Grossman") is the business manager for temporary conservatee Britney Jean Spears ("Britney"). James P. Spears ("Mr. Spears") as Temporary Conservator of the Person and Temporary Co-Conservator of the Estate of Britney Jean Spears brings this *ex parte* application asking the Court: (1) to grant authority to Mr. Spears and Andrew M. Wallet as Temporary Co-Conservators of the Estate of Britney Jean Spears (collectively, the "Temporary Co-Conservators") to fire Mr. Grossman; (2) to require Mr. Grossman to turn over to the Temporary Co-Conservators all documents and records relating to Britney and her estate; and (3) to require Mr. Grossman to turn over to the Temporary Conservatees all of Britney's assets.

Mr. Spears seeks this relief based upon Mr. Grossman's efforts to circumvent the Court's conservatorship Orders and his failure to comply with those Orders or with the instructions of Mr. Spears and Andrew M. Wallet, temporary co-conservator of the Estate (collectively, the "Temporary Co-Conservators"). On the afternoon of Wednesday, February 6, 2008 alone, Mr. Grossman, after receiving copies of the Orders entered by the Court earlier that day: (1) made arrangements for Britney to meet with visitors, in violation of the Court's express Order that Mr. Spears has the power to restrict and limit visitors; (2) set up and attended a meeting for Britney with counsel other than her PVP counsel, in violation of the Court's express Order that any such meeting was subject to Mr. Spears' approval and that Mr. Spears was entitled to attend that meeting, without informing that counsel of the Court's Order prohibiting that meeting, and in violation of the Temporary Co-Conservators' instructions that he was not to attend that meeting; and (3) sent an automobile to Britney without the consent of the Temporary Co-Conservators and in violation of their instructions concerning that automobile. Mr. Grossman also refused to provide Mr. Spears' counsel with copies of e-mails that he exchanged with Osama ("Sam") Lutfi ("Mr. Lutfi") in which Mr. Lutfi made various demands.

Because of Mr. Grossman's conduct, the relationship between Mr. Grossman and the Temporary Co-Conservators has been irreparably ruptured, and the Temporary Co-Conservators believe that they cannot trust Mr. Grossman to follow instructions that they give in fulfillment of

their obligations as conservators. Accordingly, Mr. Spears respectfully asks the Court: (1) to grant the Temporary Conservators the authority to fire Mr. Grossman; (2) to require Mr. Grossman to turn over all records and documents relating to Britney and her assets; and (3) to require Mr. Grossman to turn over all of Britney's assets.

## PROCEDURAL HISTORY

On Friday, February 1, 2008, this Court granted Mr. Spears' petitions to create conservatorships over Britney's person and her estate. On Wednesday, February 6, 2008, the Court entered an Order Extending Temporary Letters of Conservatorship of the Person filed by the Court (the "Order re the Person") and an Order Extending Temporary Letters of Conservatorship of the Estate (the "Order re the Estate").

The Order re the Person granted Mr. Spears as the temporary conservator of the person the powers, *inter alia*: (1) "to restrict and limit visitors by any means;" (2) "to retain caretakers for [Britney] on a 24 hour/7 day basis;" and (3) "to retain security guards for [Britney] on a 24 hour/7 day basis." Order re the Person at 3, ¶¶ 6(a), (b).

The Order re the Estate granted the Temporary Co-Conservators the power:

> ... to obtain all documents and records relating to the Conservatee and her assets, whether held in her name or in the name of another, including but not limited to, all records currently in the possession and control of the Conservatee's business manager, Howard Grossman, her attorneys, and others, all contracts, information relating to credit cards, bank statements, estate planning documents, receivables, and any and all powers of attorney

Order re the Estate at 3, ¶ 6(a).

The Order re the Estate also granted the Temporary Co-Conservators the power, *inter alia*: (1) "to obtain all documents and records relating to [Britney] and her assets;" (2) "to take all actions necessary to secure [Britney's] assets;" and (3) "[t]o take all actions necessary to secure [Britney's] liquid assets." *Id.* at 3-4, ¶¶ 6(a), (b), (c).

While the Order re the Estate granted the Temporary Co-Conservators the power "[t]o employ attorneys, accountants, investment counsel, agents, depositaries, and employees," *id.* at 4, ¶ 7(d), it did not grant them the power to fire such personnel.

## FACTUAL BACKGROUND

On February 5, 2008, Jeryll S. Cohen of Luce, Forward, Hamilton & Scripps LLP ("Luce Forward"), counsel for Mr. Spears, had a telephone conversation with Mr. Grossman about various matters relating to securing Britney's assets pursuant to the Order re the Estate. *See* Declaration of Jeryll S. Cohen ("Cohen Decl."), ¶ 2. During that telephone conversation, Mr. Grossman told Ms. Cohen that he had numerous e-mails from Osama ("Sam") Lutfi in which Mr. Lutfi made various demands, including demands for money. *See id.* Mr. Grossman told Ms. Cohen that he did not comply with Mr. Lutfi's demands. *See id.* During this conversation, Ms. Cohen requested that Mr. Grossman provide her with copies of all of his e-mail correspondence from Mr. Lutfi. *See id.*

On February 6, 2008, at approximately 9:01 a.m., Ms. Cohen sent Mr. Grossman an e-mail requesting that he provide copies of the e-mails to and from Mr. Lutfi. *See id.*, ¶ 3, Ex. A. Thereafter, Mr. Grossman refused to provide copies of any such e-mails. *See id.*, ¶ 3.

At 12:23 p.m. on February 6, 2008, Jeffrey D. Wexler of Luce Forward, also counsel for Mr. Spears, e-mailed copies of the Orders to Mr. Grossman. *See* Declaration of Jeffrey D. Wexler ("Wexler Decl."), ¶ 3, Ex. A. Mr. Grossman had attended and testified at the February 4, 2008 hearing pursuant to which the Court entered the Orders. *See* Cohen Decl., ¶ 5.

At 1:09 p.m. on February 6, 2008, Mr. Wexler sent Mr. Grossman an e-mail asking him to let Mercedes-Benz of Beverly Hills know that Mr. Spears would be sending someone on February 6, 2008 or February 7, 2008 to pick up Britney's two cars that were waiting at the repair shop for pick-up. *See* Wexler Decl., ¶ 4, Ex. B. Soon thereafter, Mr. Grossman asked his assistant to authorize Mr. Spears' representative to pick up the cars, and she confirmed that she had done so. *See id.*, ¶¶ 5-6, Exs. C, D.

At approximately 3:21 p.m. and 3:23 p.m. on February 6, 2008, Ms. Cohen sent two e-mails to Mr. Grossman regarding the Order re the Person. *See* Cohen Decl., ¶ 6, Ex. A. Ms. Cohen told Mr. Grossman that he was not permitted to give Britney any money, credit cards or access to money or credit cards, or to meet with Britney at this time at the Beverly Hills Hotel or anywhere else. *See id.*

At some time after 12:23 p.m. on the afternoon of February 6, 2008, Mr. Grossman met with Britney and Adam Streisand ("Mr. Streisand") of Loeb & Loeb LLP at the Beverly Hills Hotel to discuss Mr. Streisand's potential representation of Britney with regard to this matter. *See* Declaration of Geraldine A. Wyle ("Wyle Decl.,"), ¶ 3; Cohen Decl., ¶ 7. Mr. Grossman did not provide Mr. Streisand with copies of the Orders or inform him of the contents of those Orders, even though the Order re the Person expressly provided that: (1) Mr. Spears had the power to restrict and limit visitors by any means; (2) all meetings between Britney and any attorneys other than her court-appointed attorney, Sam Ingham III, are subject to Mr. Spears' approval, including the location for the meeting; and (3) Mr. Spears had the power to be present with his attorneys at any such meeting and to ensure that there is adequate security. *See id.* In a phone call later on February 6, 2008, Mr. Grossman denied to Ms. Cohen that he had been present at the meeting with Britney and Mr. Streisand at the Beverly Hills Hotel earlier that day. *See* Cohen Decl., ¶ 9.

Later on the afternoon of February 6, 2008, upon learning that Mr. Grossman and Mr. Streisand had met with Britney, Geraldine A. Wyle of Luce Forward, also counsel for Mr. Spears, immediately notified attorneys at Loeb & Loeb of the existence of the Orders and the prohibitions upon attorney conduct set forth therein. *See* Wyle Decl, ¶ 4. Thereafter, Ms. Wyle spoke with Mr. Streisand, who told her that he had been unaware of the Orders or their contents and that he had immediately discontinued his meeting with Britney upon being informed about the Orders. *See id.*

At approximately 8:00 p.m. on February 6, 2008, Ms. Cohen spoke with Mr. Grossman on the telephone. *See* Cohen Decl., ¶ 8. Mr. Grossman told Ms. Cohen that earlier that day, he had directed Mercedes-Benz of Beverly Hills to deliver one of Britney's cars to the Beverly Hills Hotel for her, without the knowledge and consent of the Temporary Co-Conservators. *See id.* Ms. Cohen reminded Mr. Grossman of the contents of the Orders and the fact that Britney's assets were not subject to her control, but rather were subject to the control of the Co-Conservators. *See id.* Mr. Grossman told Ms. Cohen that he had instructed Mercedes-Benz of

Beverly Hills to deliver a car to Britney because she had asked him to and he wanted to comply with her request because he wanted to "build her confidence in him." *See id.*

On February 7, 2008, at approximately 8:06 a.m., Mr. Grossman sent a response to Ms. Cohen's e-mails. *See id.*, ¶ 10, Ex. C.

## LEGAL ARGUMENT

### I. THERE IS GOOD CAUSE FOR GRANTING THE TEMPORARY CO-CONSERVATORS AUTHORITY TO FIRE MR. GROSSMAN.

As the facts set forth above demonstrate, Mr. Grossman has engaged in conduct to circumvent the Orders and has failed to comply with those Orders or with the instructions of the Temporary Co-Conservators. Because of Mr. Grossman's conduct, the Temporary Co-Conservators have lost all confidence in their ability to work with Mr. Grossman and Mr. Grossman's willingness to follow instructions that they give in fulfillment of their obligations as conservators. Accordingly, Mr. Spears respectfully asks the Court to grant the Temporary Co-Conservators the authority to fire Mr. Grossman.

### II. THERE IS GOOD CAUSE FOR REQUIRING MR. GROSSMAN TO TURN OVER ALL DOCUMENTS AND RECORDS RELATING TO BRITNEY AND HER ASSETS.

The Order re the Estate already grants the Temporary Co-Conservators "the power to obtain all documents and records relating to [Britney] and her assets, whether held in her name or in the name of another, including but not limited to, all records currently in the possession and control of [Britney's] business manager, Howard Grossman. . . ." Order re the Estate at 3, ¶ 6(a). For this reason alone, the Court should require Mr. Grossman to turn over to the Temporary Co-Conservators all documents and records relating to Britney and her assets, regardless of whether it grants the Temporary Co-Conservators authority to fire Mr. Grossman.

Even if the powers already granted by the Order re the Estate were insufficient to require Mr. Grossman to turn over documents and records relating to Britney and her assets – which they are not – in the event that the Temporary Co-Conservators were granted authority to terminate Mr. Grossman's employment and decided to exercise that authority, it would follow that Mr.

1  Grossman would be required to turn over such documents and records as a result of the
2  termination of his employment.

## CONCLUSION

For the reasons set forth herein, Mr. Spears respectfully asks the Court to enter an Order granting the Co-Conservators authority to fire Mr. Grossman and requiring Mr. Grossman to turn over all documents and records relating to Britney and her assets.

DATED: February 7, 2008                    Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeryll S. Cohen
Attorneys for Temporary Conservator
of the Person and Temporary Co-Conservator
of the Estate James P. Spears