# EXHIBIT ZZ

Geraldine A. Wyle, State Bar No. 089735
Jeryll S. Cohen, State Bar No. 125392
Jeffrey D. Wexler, State Bar No. 132256
Vivian L. Thoreen, State Bar No. 224162
**LUCE, FORWARD, HAMILTON & SCRIPPS LLP**
601 South Figueroa Street, Suite 3900
Los Angeles, California 90017
Telephone No.: 213.892.4992
Fax No.: 213.892.7731

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 14 2008

JOHN A. CLARKE, CLERK
BY ANDREA MURDOCK, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| In re the Conservatorship of the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>Proposed Conservatee. | Case No. BP 108870<br><br>**ORDER EXTENDING TEMPORARY LETTERS OF CONSERVATORSHIP OF THE ESTATE**<br><br>Date:  February 14, 2008<br>Time:  1:30 p.m.<br>Dept.:  9<br>Judge:  Hon. Reva Goetz, Judge Pro Tem |

The further hearing on the Petition for Appointment of Temporary Conservator of the Estate of Britney Jean Spears ("Ms. Spears"), filed by James P. Spears, came on regularly for hearing on February 14, 2008 at 1:30 p.m. in Department 9 of the Los Angeles Superior Court, Central District, the Honorable Reva Goetz, Judge Pro Tem presiding. Geraldine A. Wyle and Jeryll S. Cohen of Luce, Forward, Hamilton & Scripps LLP appeared on behalf of Petitioner James P. Spears ("Mr. Spears"), Temporary Conservator of the Person and Co-Conservator of the Estate of Ms. Spears. Mr. Spears appeared personally. Samuel D. Ingham III appeared as the court-appointed PVP counsel on behalf of Ms. Spears. Andrew M. Wallet of Hinojosa & Wallet

1
ORDER EXTENDING TEMPORARY LETTERS OF CONSERVATORSHIP OF THE ESTATE

appeared on behalf of Andrew M. Wallet as Co-Conservator of the Estate of Ms. Spears. Mitchell L. Gaswirth of Proskauer Rose LLP appeared on behalf of Ivan Taback. Clark R. Byam of Hahn & Hahn LLP appeared on behalf of Bryan Spears. From proof made to the satisfaction of the court,

THE COURT FINDS AS FOLLOWS:

1. Notice of time and place of hearing has been given as required by law or dispensed with.

2. It is in the best interest of the Conservatee that the Temporary Conservatorship be continued over the Conservatee's Estate.

3. It is necessary and appropriate that the Letters of Temporary Conservatorship of the Estate issued to Mr. Spears and Mr. Wallet on February 1, 2008 be extended to _March 10_, 2008 for further hearing.

4. The bond fixed by the Court's prior Order in the amount of $50,000.00 for each Co-Conservator is sufficient.

THE COURT ORDERS AS FOLLOWS:

1. Notice of time and place of hearing has been given as required by law or dispensed with.

2. Ms. Spears' attendance at the hearing is waived.

3. Letters of Temporary Conservatorship of the Estate issued to James P. Spears and Andrew M. Wallet on February 1, 2008 are extended to _March 10_, 2008.

4. The Temporary Conservators of the Estate are granted the following powers in addition to the powers provided by law:

    a. The Temporary Conservators shall have the power to obtain all documents and records relating to the Conservatee and her assets, whether held in her name or in the name of another, including but not limited to, all records currently in the possession and control of the Conservatee's business manager, Howard Grossman, her attorneys, and others, all contracts, information relating to credit cards, bank statements, estate planning documents, receivables, and any and all

powers of attorney.

b. The Temporary Conservators shall have the power to take all actions necessary to secure the Conservatee's assets, including the power to enter and take possession and control of the Conservatee's residence, to remove all persons from the residence and take any and all actions necessary to secure the residence, including changing the locks, call on law enforcement and employ security guards at the expense of the Conservatorship Estate.

c. The Temporary Conservators shall have the power to take all actions necessary to secure the Conservatee's liquid assets, including but not limited to, the power to cancel all credit cards.

d. The Temporary Conservators shall have the power to revoke all powers of attorneys, including powers of attorney for making health care decisions and managing real estate, and to terminate any and all agencies.

e. The Temporary Conservators shall have the power to commence and maintain litigation and participate in any litigation with respect to which the Conservatee is a party or has an interest, and the power to retain counsel and experts, and to pay same from the Conservatorship Estate, not only as to the family law case but for any other matter.

f. The Temporary Conservators have the power to perform any and all acts that the Conservatee can perform (whether as an individual or in a representative capacity) with respect to the local, state, or federal tax liabilities of the Conservatee or any entity, trust or foundation in which the Conservatee acts in a representative or ownership capacity (collectively referred to as "Conservatee and related entities"), including but not limited to the power to receive and inspect confidential tax information; receive, and endorse or cash refund checks; sign any and all tax returns, whether income, corporate, employment, partnership, or otherwise; execute a Form 2848; represent the Conservatee and related entities before all taxing authorities, participate in audits; exercise the rights of the Conservatee and related entities to protest and appeal assessments; pay amounts due to the appropriate taxing authority; execute waivers, tax returns, consents, closing agreements, and similar documents related to the tax liability of the Conservatee and related entities; participate in all procedural matters connected with the tax liability of the Conservatee and related entities; exercise any elections that may be available to the Conservatee and related entities under applicable state or federal tax laws or regulations; to substitute another representative; to request disclosure of tax returns or return information to a third party; and to perform any other acts described in California Probate Code section 4463, except those acts that conflict with or are limited by a more specific provision in this Power.

g. The Temporary Conservators have the power to assert the Conservatee's rights in any trust established for her benefit, including but not limited to all revocable inter vivos trusts established by the Conservatee as settlor or trustor, but this power shall not include the power to modify, amend, or revoke any such trusts,

| | |
|---|---|
| 1 | without a court order. |
| 2 | 5. The Court grants the Temporary Conservators the powers pursuant to Probate Code Section 2590 and the following powers set forth in Probate Code Section 2591: |

a. To contract for the conservatorship and perform outstanding contracts and thereby bind the estate, including asserting or waiving confidentiality agreements.

b. To operate at the risk of the estate a business constituting an asset of the estate.

c. To pay, collect, compromise, arbitrate, or otherwise adjust claims, debts, or demands upon the Conservatorship Estate.

d. To employ attorneys, accountants, investment counsel, agents, depositaries, and employees and to pay the expenses.

6. The Temporary Conservators have the power to prosecute civil harassment restraining orders that they deem to be appropriate.

7. The Temporary Conservators are authorized and directed to pay, or to direct the Co-Trustees of the SJB Revocable Trust, to pay, to Stephen S. Marmer, M.D., Ph.D., the court-appointed expert under California Evidence Code section 730, a retainer in the amount of $5,000.00.

8. The Conservatee shall not have any contact, direct or indirect, with Osama aka Sam Lutfi, including telephone calls, text messaging, or email communications.

9. The Conservatee is to remain in California pending the hearing on the Petition for Appointment of Permanent Conservator, the written consent of the Conservator of the Person, or until __March 10__, 2008 at __1:30__ ~~a.m.~~/(p.m.) or further order of the Court.

10. The bond fixed by the Court's prior Order in the amount of $50,000.00 for each Co-Conservator is sufficient.

///
///
///
///
///

4

ORDER EXTENDING TEMPORARY LETTERS OF CONSERVATORSHIP OF THE ESTATE

1  11. The next hearing in this matter is set for  March 10 , 2008 at 1:30
2  a.m./(p.m.)

4  APPROVED AS TO FORM AND CONTENT:

6  Dated: 2-14-08                              By: _____
                                               Samuel D. Ingham III, PVP Counsel for
                                               Temporary Conservatee Britney Jean Spears

10 Dated: 2-14-08                              By: _____
                                               Andrew M. Wallet, Temporary Co-
                                               Conservator of the Estate of Britney Jean
                                               Spears

13 IT IS SO ORDERED.

15 Dated: 2/14/08                              _____
                                               Hon. Reva Goetz, Judge Pro Tem
                                               Superior Court, State of California

201014170.1

5

ORDER EXTENDING TEMPORARY LETTERS OF CONSERVATORSHIP OF THE ESTATE



THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST **FEB 1 4 2008**

JOHN A. CLARKE, CLERK/EXECUTIVE OFFICER

Executive Officer/Clerk of the Superior
Court of California, County of Los Angeles
By _____, Deputy