# EXHIBIT CCC

**GC-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR RECORDER'S USE ONLY |

After recording return to:

Geraldine A. Wyle, SBN 89735
Jeryll S. Cohen, SBN 125392
Vivian L. Thoreen, SBN 224162
Luce, Forward, Hamilton & Scripps LLP
601 S. Figueroa St., Suite 3900, Los Angeles, CA 90017
TELEPHONE NO.: (213) 892-4992
FAX NO. *(Optional)*: (213) 892-7731
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: James P. Spears

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

TEMPORARY ☐ GUARDIANSHIP ☐ CONSERVATORSHIP ☒
OF *(Name)*: Britney Jean Spears

☐ MINOR  ☒ CONSERVATEE

CASE NUMBER: BP 108870

**LETTERS OF TEMPORARY** ☐ **GUARDIANSHIP** ☒ **CONSERVATORSHIP**
☐ Person  ☒ Estate

**LETTERS**

1. *(Name):* James P. Spears and Andrew M. Wallet
   is appointed temporary ☐ guardian ☒ conservator ☒ of the ☐ person ☒ estate
   of *(name):* Britney Jean Spears

2. ☒ Other powers have been granted or restrictions imposed on the temporary
   ☐ guardian ☒ conservator ☐ as ☐ specified below
   ☒ specified in Attachment 2.

3. These *Letters* shall expire
   a. ☐ on *(date):* _____ or upon earlier issuance of *Letters* to a general guardian or conservator.
   b. ☒ other date *(specify):* March 10, 2008

4. ☐ The temporary ☐ guardian ☐ conservator is not authorized to take possession of money or any other property without a specific court order.

5. Number of pages attached: 2

WITNESS, clerk of the court, with seal of the court affixed.
(SEAL) Date: FEB 1 4 2008

Clerk, by _____ (DEPUTY)

FILED
LOS ANGELES SUPERIOR COURT
FEB 1 4 2008
JOHN A. CLARKE, CLERK
BY S.L. WILLIAMS, DEPUTY

**AFFIRMATION**

I solemnly affirm that I will perform the duties of temporary ☐ guardian ☒ conservator according to law.
Executed on *(date):* February 14, 2008
at *(place):* Los Angeles, California.

James P. Spears; Andrew M. Wallet
_____
(SIGNATURE OF APPOINTEE)

**CERTIFICATION**

I certify that this document and any attachments is a correct copy of the original on file in my office, and that the *Letters* issued to the person appointed above have not been revoked, annulled, or set aside and are still in full force and effect.

WITNESS, clerk of the court, with seal of the court affixed.
Date: FEB 1 4 2008
Clerk, by _____ (DEPUTY)

Form Approved for Mandatory Use
Judicial Council of California
GC-150 [Rev. January 1, 2003]

**LETTERS OF TEMPORARY GUARDIANSHIP OR CONSERVATORSHIP**

Probate Code, § 2250 et seq.;
Code of Civil Procedure, § 2015.6
2003 © American LegalNet, Inc.

Letters of
Temporary Conservatorship
of the Estate
Britney Jean Spears
Attachment 2

1. The Temporary Conservators of the Estate are granted the following powers in addition to the powers provided by law:

   a. The Temporary Conservators shall have the power to obtain all documents and records relating to the Conservatee and her assets, whether held in her name or in the name of another, including but not limited to, all records currently in the possession and control of the Conservatee's business manager, Howard Grossman, her attorneys, and others, all contracts, information relating to credit cards, bank statements, estate planning documents, receivables, and any and all powers of attorney.

   b. The Temporary Conservators shall have the power to take all actions necessary to secure the Conservatee's assets, including the power to enter and take possession and control of the Conservatee's residence, to remove all persons from the residence and take any and all actions necessary to secure the residence, including changing the locks, call on law enforcement and employ security guards at the expense of the Conservatorship Estate.

   c. The Temporary Conservators shall have the power to take all actions necessary to secure the Conservatee's liquid assets, including but not limited to, the power to cancel all credit cards.

   d. The Temporary Conservators shall have the power to revoke all powers of attorneys, including powers of attorney for making health care decisions and managing real estate, and to terminate any and all agencies.

   e. The Temporary Conservators shall have the power to commence and maintain litigation and participate in any litigation with respect to which the Conservatee is a party or has an interest, and the power to retain counsel and experts, and to pay same from the Conservatorship Estate, not only as to the family law case but for any other matter.

   f. The Temporary Conservators have the power to perform any and all acts that the Conservatee can perform (whether as an individual or in a representative capacity) with respect to the local, state, or federal tax liabilities of the Conservatee or any entity, trust or foundation in which the Conservatee acts in a representative or ownership capacity (collectively referred to as "Conservatee and related entities"), including but not limited to the power to receive and inspect confidential tax information; receive, and endorse or cash refund checks; sign any and all tax returns, whether income, corporate,

employment, partnership, or otherwise; execute a Form 2848; represent the Conservatee and related entities before all taxing authorities, participate in audits; exercise the rights of the Conservatee and related entities to protest and appeal assessments; pay amounts due to the appropriate taxing authority; execute waivers, tax returns, consents, closing agreements, and similar documents related to the tax liability of the Conservatee and related entities; participate in all procedural matters connected with the tax liability of the Conservatee and related entities; exercise any elections that may be available to the Conservatee and related entities under applicable state or federal tax laws or regulations; to substitute another representative; to request disclosure of tax returns or return information to a third party; and to perform any other acts described in California Probate Code section 4463, except those acts that conflict with or are limited by a more specific provision in this Power.

g. The Temporary Conservators have the power to assert the Conservatee's rights in any trust established for her benefit, including but not limited to all revocable inter vivos trusts established by the Conservatee as settlor or trustor, but this power shall not include the power to modify, amend, or revoke any such trusts, without a court order.

2. The Court grants the Temporary Conservators the powers pursuant to Probate Code Section 2590 and the following powers set forth in Probate Code Section 2591:

a. To contract for the conservatorship and perform outstanding contracts and thereby bind the estate, including asserting or waiving confidentiality agreements.

b. To operate at the risk of the estate a business constituting an asset of the estate.

c. To pay, collect, compromise, arbitrate, or otherwise adjust claims, debts, or demands upon the Conservatorship Estate.

d. To employ attorneys, accountants, investment counsel, agents, depositaries, and employees and to pay the expenses.

3. The Temporary Conservators have the power to prosecute civil harassment restraining orders that they deem to be appropriate.

4. The Temporary Conservators are authorized and directed to pay, or to direct the Co-Trustees of the SJB Revocable Trust, to pay, to Stephen S. Marmer, M.D., Ph.D., the court-appointed expert under California Evidence Code section 730, a retainer in the amount of $5,000.00.

201014171.1

2