Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>        Temporary Conservatee. | CASE NO. CV 08-1021 PSC (RCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO EXPEDITE BRIEFING AND HEARING SCHEDULE ON MOTION TO REMAND**<br><br>Discovery Cut-Off:  None Set<br>Trial Date:  None Set |

## INTRODUCTION

James P. Spears ("Mr. Spears") is the father of temporary conservatee Britney Jean Spears ("Britney").  By this *ex parte* application, Mr. Spears, the temporary conservator of Britney's person and the temporary co-conservator of her estate, respectfully asks this Court to expedite the briefing and hearing schedule on his motion to remand filed concurrently herewith so that motion can be resolved well in advance of the regularly noticed hearing date of March 17, 2008.

On February 1, 2008, Mr. Spears filed petitions for appointment of temporary conservators of Britney's person and estate with the Probate Department of the Los Angeles Superior Court (the "Probate Court"), thereby initiating these proceedings (the "Conservatorship Proceedings").  Thereafter, the Probate Court held a number of hearings and entered several orders concerning the administration of the conservatorships and the powers to be afforded to the conservators.  The Probate Court appointed an attorney for Britney – Samuel D. Ingham III – and, on February 6, 2008, it specifically found that "Ms. Spears does not have the capacity to retain counsel."  On February 14, 2008, disregarding the Probate Court's finding that Britney lacked the capacity to retain counsel to represent her, attorney Jon Eardley ("Mr. Eardley") purported to remove the Conservatorship Proceedings to this Court on behalf of Britney.

Mr. Spears has filed a motion to remand the Conservatorship Proceedings to the Probate Court based upon the grounds that: (1) Britney's lack of capacity prevents Mr. Eardley from filing a Notice of Removal on her behalf; and (2) the existence of federal question jurisdiction does not appear on the face of the well-pleaded conservatorship petitions.  Mr. Spears has noticed the hearing on the motion to remand for March 17, 2008, the earliest date permissible under Local Rule 6-1.

Mr. Spears seeks to expedite the briefing and hearing schedule on his motion to remand because, in the absence of such expedition, this Court will be required to engage in the comprehensive, day-to-day supervision and administration of the

1

conservatorship that the California Legislature and the Los Angeles Superior Court have entrusted to the Probate Court, which has the expertise, the manpower, and the procedural flexibility to engage in such supervision and administration.

For example, if the Conservatorship Proceedings are not remanded until on or after the current hearing date of March 17, 2008, this Court will be presented with – and will need to resolve – a large number of matters relating to the administration of the conservatorship, including, but not limited to, (a) the hearing scheduled by the Probate Court for March 10, 2008 to determine whether to make the conservatorship permanent, (b) an application to approve a proposed settlement, and (c) myriad financial/legal/business issues that need immediate attention.  Furthermore, because the Probate Court's February 14, 2008 Order extended the conservatorship until March 10, 2008, in the absence of expedition this Court will need to rule on the issue whether to further extend the conservatorship as of that date and, if so, whether to modify the terms of the conservatorship.

The Conservatorship Proceedings should never have been removed to this Court.  In order to decrease the burden on this Court resulting from the improper removal and to ensure that the Conservator Proceedings are returned to the Probate Court as quickly as possible, Mr. Spears asks the Court to expedite the briefing and hearing schedule on his motion to remand.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  The Initiation of the Conservatorship Proceedings.

Early in the morning of January 31, 2008, Britney was taken to UCLA Medical Center and placed on a 72-hour psychiatric hold pursuant to Cal. Welf. & Inst. Code § 5150.  On February 1, 2008, Mr. Spears initiated the Conservatorship Proceedings by filing: (1) Petitions for Appointment of Temporary Conservators of the Person and the Estate (the "Temporary Petitions"); and (2) Petitions for Appointment of Probate Conservators of the Person and the Estate (the "Permanent

Petitions"). *See* Request for Judicial Notice in Support of Motion to Remand filed concurrently herewith ("RJN"), Exs. A-D.

At a hearing on February 1, 2008, the Probate Court, Commissioner Reva Goetz presiding, found it appropriate to establish temporary conservatorships over Britney's person and estate. That day, the Probate Court filed: (1) Letters of Temporary Conservatorship of the Person; (2) Letters of Temporary Conservatorship of the Estate; (3) an Order Appointing Temporary Conservator of the Person; and (4) an Order Appointing Temporary Conservator of the Estate (collectively, the "February 1, 2008 Letters and Orders"). *See* February 1, 2008 Letters and Orders (Exs. U-X to RJN). The Probate Court named: (1) Mr. Spears as temporary conservator of Britney's person and as temporary co-conservator of Britney's estate; and (2) Andrew M. Wallet, an attorney, as temporary co-conservator of Britney's estate. *See id.* The Probate Court granted some – but not all – of the relief sought in the Temporary Petitions. *See id.* The Probate Court set March 10, 2008 as the hearing date on the Permanent Petitions. *See* RJN, Exs. A, C.

At the same hearing, the Probate Court entered a Civil Harassment Temporary Restraining Order against Britney's self-styled "manager," Osama ("Sam") Lutfi, ordering him not to have any contact with Britney. *See id.*, Ex. S. The Probate Court scheduled the hearing on an injunction for February 22, 2008. *See id.*

Later on February 1, 2008, the Court appointed a Court Investigator and appointed Mr. Ingham as Britney's counsel. *See id.*, Exs. Y-Z.

**B.     The February 4, 2008 Hearing and the February 6, 2008 Orders.**

On February 4, 2008, the Probate Court held another hearing to determine whether to extend the conservatorships. *See* February 6, 2008 Order Extending Temporary Letters of Conservatorship of the Person; February 6, 2008 Order Extending Temporary Conservatorship of the Estate (collectively, the "February 6, 2008 Orders") (Exs. LL, MM to RJN).

3

Adam F. Streisand of Loeb & Loeb LLP appeared at the February 4, 2008 hearing purportedly on behalf of Britney. *See id.* The Probate Court found, based upon the pleadings that had been filed, a physician's declaration, and Mr. Ingham's report, that "Ms. Spears does not have the capacity to retain counsel and she lacked the capacity to retain Adam F. Streisand as her counsel." *Id.* Similarly, the Probate Court ordered that "Ms. Spears does not have the capacity to retain counsel." *Id.* The Probate Court extended the conservatorship from February 4, 2008 until February 14, 2008, for which date it scheduled another hearing. *See id.*

In the February 6, 2008 Orders and in Letters of Temporary Conservatorship of the Person and Letters of Temporary Conservatorship of the Estate filed on February 6, 2008 (collectively, the "February 6, 2008 Letters"), the Probate Court expanded certain powers given to the co-conservators. *See* February 6, 2008 Orders (Exs. LL, MM to RJN); February 6, 2008 Letters (Exs. NN, OO to RJN).

### C.  **The February 7, 2008 *Ex Parte* Application.**

On February 7, 2008, Mr. Spears applied to the Probate Court *ex parte* for an Order granting the co-conservators the authority to fire Britney's business manager, Howard Grossman. *See* RJN, Exs. PP-UU. The Probate Court granted such authority. *See id.*, Ex. VV.

### D.  **The February 14 Hearing.**

On February 14, 2008, the date on which the conservatorships were to expire pursuant to the February 6, 2008 Letters, the Probate Court held a hearing to determine whether to extend the conservatorship. *See* February 14, 2008 Minute Order (Ex. AAA to RJN). The Probate Court found good cause for extending the Temporary Letters – and, thus, the conservatorship – until March 10, 2008. *See id.*

The Probate Court completed the February 14, 2008 hearing at about 2:04 p.m.[1] Immediately after that hearing, the Probate Court filed new Letters of

---

[1] The Court reporter has not yet completed the transcript of the February 14, 2008 hearing, but she has confirmed that the hearing ended at 2:04 p.m. Mr. Spears

1  Temporary Conservatorship of the Person and of the Estate (the "February 14, 2008 Letters"), expiring on March 10, 2008. *See* RJN, Exs. BBB, CCC.

### E. The Purported Removal.

At 2:03 p.m. on February 14, 2008, Mr. Eardley caused his Notice of Removal to be filed in the Clerk's Office of this Court. *See* Federal Notice of Removal at 1. At 2:26 p.m. on February 14, 2008, Mr. Eardley caused a Notice of Removal to be filed with the Clerk's Office of the Los Angeles Superior Court. *See* State Notice of Removal at 1.

### F. Future Proceedings.

At the time of the purported removal, the Probate Court had scheduled two hearings: (1) the hearing on a civil harassment injunction against Mr. Lutfi, scheduled for February 22, 2008; and (2) the hearing on a permanent conservatorship, scheduled for March 10, 2008, at which time the Court must determine, based upon expert and lay testimony, whether, *inter alia*, there is a factual basis for making the conservatorship permanent and, if so, the powers to be granted to the co-conservators. *See* Declaration of Andrew M. Wallet ("Wallet Decl."), ¶ 5.

Prior to the purported removal, Mr. Wallet was in the process of taking action with regard to the myriad financial/legal business issues that need immediate attention, as set forth in more detail in the Wallet Declaration. *See id.*, ¶ 6. The removal action has thwarted Mr. Wallet's ability to properly discharge his duties to the conservatee and her estate. *See id.* Because of the time sensitivity of these matters – in particular the approval of a litigation settlement in one matter – the co-conservators will need to seek appropriate relief in the very near future. *See id.*, ¶ 7. Unless the Conservatorship Proceedings are immediately remanded, the co-conservators will have no choice but to seek such relief from this Court, *see id.*,

_____

will file the transcript with the Court once he receives it.

which will impose a burden upon this Court because it lacks the Probate Court's experience and expertise in dealing with conservatorship proceedings and its expedited procedures for addressing and resolving such motions.

## LEGAL ARGUMENT

**I. EXPEDITION OF THE BRIEFING AND HEARING SCHEDULE IS NECESSARY SO THAT THE PROBATE COURT – NOT THIS COURT – WILL HAVE THE ABILITY TO SUPERVISE AND ADMINISTER THE CONSERVATORSHIP PROCEEDINGS.**

As the records from the Conservatorship Proceedings demonstrate, from February 1, 2008 through the time of the purported removal on February 14, 2008, the Probate Court was required to deal with numerous legal and factual issues presented to it on an *ex parte* basis and otherwise. As set forth above, in the near future the Court before which the Conservatorship Proceedings are pending will be presented with and required to resolve many other applications and issues relating to the administration and supervision of the conservatorship. Most importantly, because the February 14, 2008 Letters extending the conservatorship expire on March 10, 2008 and because the Probate Court scheduled a hearing on a permanent conservatorship for that date, the Court having jurisdiction over the Conservatorship Proceedings as of that time will have the responsibility to make decisions as to whether to extend the conservatorship and, if so, whether its terms should be modified in any manner.

Both the California Legislature and the Los Angeles Superior Court have delegated to the Probate Court the exclusive authority and responsibility to administer and supervise conservatorships in order to effectuate the legislative intent codified at Cal. Prob. Code § 1800.[2] As a result, the Probate Court has developed

---

[2] Section 1800 provides that "[i]t is the intent of the Legislature in enacting this chapter to do the following:" "(a) [p]rotect the rights of persons who are placed under conservatorship;" "(b) [p]rovide that an assessment of the needs of the person is performed in order to determine the appropriateness and extent of a conservatorship and to set goals for increasing the conservatee's functional abilities to whatever extent possible;" "(c) [p]rovide that the health and psychosocial needs

6

1  great expertise in applying the California law of conservatorships and expedited
2  procedures for addressing the numerous pressing issues that arise in connection with
3  conservatorships. Furthermore, the Probate Court has trained personnel, *i.e.*, Court
4  investigators, who are able to fulfill the substantive requirements imposed by the
5  Probate Code. *See* Cal. Prob. Code § 1800(d).

6        By contrast, because the administration of conservatorships is exclusively a
7  creature of state law, this Court has not had an opportunity to delve into the
8  complexities of California conservatorship law, nor will its procedures allow it to
9  act with the flexibility that the Probate Court repeatedly found it necessary to
10 employ when dealing with issues presented by the Conservatorship Proceedings.

11       For the reasons set forth in detail in the motion to remand filed concurrently
12 herewith, the Court should find that Mr. Eardley improperly removed the
13 Conservatorship Proceedings to this Court and that remand is appropriate. Pending
14 such a remand, however, it will be this Court – not the Probate Court – that will be
15 required to rule on the numerous complex issues of conservatorship law and
16 procedure that are likely to be presented in the Conservatorship proceedings. By
17 ordering an expedited briefing and hearing schedule, this Court can shorten the
18 period during which it will be required to hear and resolve issues that properly fall
19 within the exclusive purview of the Probate Court.

---

of the proposed conservatee are met;" "(d) [p]rovide that community-based services are used to the greatest extent in order to allow the conservatee to remain as independent and in the least restrictive setting as possible;" "(e) [p]rovide that the periodic review of the conservatorship by the court investigator shall consider the best interests of the conservatee;" "(f) [e]nsure that the conservatee's basic needs for physical health, food, clothing, and shelter are met;" and "(g) [p]rovide for the proper management and protection of the conservatee's real and personal property." Cal. Prob. Code § 1800.

## CONCLUSION

For the reasons set forth herein, Mr. Spears respectfully asks the Court to expedite the briefing and hearing schedule on his motion to remand.

DATED: February 19, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By:  /s/ Jeffrey D. Wexler
Jeffrey D. Wexler
Attorneys for James P. Spears,
Temporary Conservator of the Person
and Temporary Co-Conservator of the
Estate