# Exhibit A

1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  FOR THE COUNTY OF LOS ANGELES

3    DEPARTMENT 9           HON. REVA GOETZ, COMMISSIONER

4

     IN RE THE CONSERVATORSHIP  )
5                               )
     BRITNEY JEAN SPEARS        )    NO. BP108870
6                               )
                                )
7    _____)

8              REPORTER'S TRANSCRIPT OF PROCEEDINGS

9                     FEBRUARY 14, 2008

10   APPEARANCES:
     FOR PETITIONER:
11              LUCE, FORWARD, HAMILTON & SCRIPPS, LLP
                BY:  GERALDINE WYLE, ESQ.
12                   JERYLL S. COHEN, ESQ.
                601 SOUTH FIGUEROA
13              SUITE 3900
                LOS ANGELES, CALIFORNIA 90017
14
     CO-CONSERVATOR ANDREW WALLET:
15              HINOJOSA & WALLET
                BY:  ANDREW M. WALLET, ESQ.
16              2215 COLBY AVENUE
                LOS ANGELES, CALIFORNIA 90064
17
     PROBATE VOLUNTEER PANEL:
18              LAW OFFICES OF SAMUEL D. INGHAM III
                BY:  SAMUEL D. INGHAM III, ESQ.
19              9440 SANTA MONICA BOULEVARD
                SUITE 510
20              BEVERLY HILLS, CALIFORNIA  90210

21   FOR BRIAN SPEARS:
                HAHN & HAHN
22              BY:  CLARK R. BYAM, ESQ.
                301 EAST COLORADO BOULEVARD
23              PASADENA, CALIFORNIA  91101

24   FOR PETITIONER IVAN TABACK:
                PROSKAUER ROSE LLP
25              BY:  MITCHELL M. GASWIRTH, ESQ.
                2049 CENTURY PARK EAST
26              LOS ANGELES, CALIFORNIA  90067

27                        TAMARA M. VOGL, CSR NO. 10186
                          OFFICIAL REPORTER
28       ORIGINAL

1

| | |
|---|---|
| 1 | CASE NUMBER: | BP108770 AND BP109096 |
| 2 | CASE NAME: | B. SPEARS CONSERVATORSHIP |
| 3 | LOS ANGELES, CALIFORNIA | FEBRUARY 14, 2008 |
| 4 | DEPARTMENT 9 | REVA GOETZ, COMMISSIONER |
| 5 | APPEARANCES: | (AS HERETOFORE NOTED.) |
| 6 | REPORTER: | TAMARA M. VOGL, CSR NO. 10186 |
| 7 | TIME: | P.M. SESSION |

8

9

10    (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT:)

11

12

13    THE COURT:  GOOD AFTERNOON.  ALL RIGHT.  THIS IS

14 CASE NUMBER BP108870, IN RE THE CONSERVATORSHIP OF

15 BRITNEY SPEARS.  LET ME GET EVERYONE'S APPEARANCES FOR

16 THE RECORD.

17    MS. WYLE:  GERALDINE WYLE, W-Y-L-E; JERYLL COHEN,

18 C-O-H-E-N, FOR PETITIONER JAMES SPEARS WHO IS ALSO

19 PRESENT WITH US IN THE COURTROOM.

20    MR. WALLET:  ANDREW WALLET OF HINOJOSA & WALLET ON

21 BEHALF OF MYSELF.

22    MR. INGHAM:  SAMUEL INGHAM, I-N-G-H-A-M, COURT

23 APPOINTED COUNSEL FOR BRITNEY SPEARS.

24    MR. GASWIRTH:  GOOD AFTERNOON, YOUR HONOR.

25 MITCHELL M. GASWIRTH, G-A-S-W-I-R-T-H, FOR PETITIONER

26 IVAN TABACK, T-A-B-A-C-K.

27    MR. BYAM:  CLARK BYAM, B-Y-A-M, OF HAHN & HAHN.

28 I'M ON BEHALF OF BRIAN SPEARS ACTUALLY ON THIS CASE

1   NUMBER -- IT'S A NEW CASE -- BP109096.

2        THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.  ALL

3   RIGHT.  WE'RE HERE I THINK FOR A COUPLE OF DIFFERENT

4   REASONS.  FIRST OF ALL, WE HAVE ORDERED A 730 EVALUATION

5   AND I DID RECEIVE MR. INGHAM'S REPORT AND IT'S MY

6   UNDERSTANDING THAT THAT HAS NOT YET OCCURRED.

7             IS THAT CORRECT?

8        MR. INGHAM:  THAT IS CORRECT, YOUR HONOR.

9        THE COURT:  OKAY.  DID YOU WANT TO BE HEARD WITH

10  REGARD TO THAT OR --

11       MR. INGHAM:  BEYOND REQUESTING REASONABLE

12  ADDITIONAL TIME, I DON'T HAVE ANYTHING FURTHER TO ADD.

13       THE COURT:  AND FEES?

14       MR. INGHAM:  AND FEES FOR THE 730 EXPERT, YES.

15       THE COURT:  ANY OBJECTION?

16       MS. COHEN:  NO.  ACTUALLY, WE REQUESTED AUTHORITY

17  TO PAY THOSE FEES.

18       THE COURT:  WHAT I'M GOING TO DO WITH REGARD TO

19  THAT IS, IN TERMS OF THE TEMPORARY ORDERS CURRENTLY IN

20  EFFECT, IT WOULD BE MY POSITION THAT THE TEMPORARY ORDER

21  SHOULD BE CONTINUED TO MARCH 10TH WHICH I BELIEVE IS THE

22  DATE SET FOR THE HEARING ON THE PERMANENT PETITIONS AND

23  ALL CURRENT ORDERS ARE TO REMAIN IN FULL FORCE AND

24  EFFECT.  I WOULD EXTEND THE DUE DATE FOR THE 730

25  EVALUATION THAT WAS ORDERED PREVIOUSLY FOR  TODAY'S DATE

26  TO BE SET FOR THE MARCH 10TH DATE, AND I WOULD ORDER

27  THAT THE RETAINER REQUESTED BY THE EXPERT BE ADVANCED TO

28  HIM.

1    MS. COHEN:  YOUR HONOR, WE WOULD REQUEST TWO

2  ADDITIONAL POWERS IN CONNECTION WITH THE CONSERVATOR OF

3  THE ESTATE, AND THE FIRST ONE IS WITH RESPECT TO TAX

4  MATTERS; THAT THE CONSERVATORS WILL HAVE ALL POWERS THAT

5  THE CONSERVATEE WOULD HAVE WITH RESPECT TO HER INCOME

6  TAXES: ALL STATE AND FEDERAL INCOME TAX, INCLUDING

7  POWERS WITH RESPECT TO ENTITIES OVER WHICH SHE IS A

8  REPRESENTATIVE OR OWNER.  IT'S A LENGTHY DETAILED POWER

9  INCLUDING THE POWER TO SIGN A FORM 2848, SIGN TAX

10 RETURNS, REPRESENT THE CONSERVATEE'S INTERESTS WITH

11 RESPECT TO ANY TAXING AUTHORITIES, ET CETERA, AND ONE

12 OTHER ADDITIONAL POWER, YOUR HONOR, THE POWER TO ASSERT

13 THE CONSERVATEE'S RIGHTS IN ANY TRUST ESTABLISHED FOR

14 HER BENEFIT, INCLUDING ALL REVOCABLE INTER VIVOS TRUSTS

15 BUT NOT INCLUDING THE POWER TO MODIFY, AMEND, OR REVOKE.

16    THE COURT:  NOT THE POWER TO MODIFY, AMEND, OR

17 REVOKE.  OKAY.

18    MS. COHEN:  WELL, WITHOUT COURT ORDER.

19    MS. WYLE:  WE DO HAVE ONE REQUEST REGARDING THE

20 730 EVALUATION THAT, AS WAS ORDERED THE LAST TIME FOR

21 TODAY, THAT THE REPORT BE FAXED TO COUNSEL THE DAY

22 BEFORE, SOMETIME MAYBE BY NOON OR 1:00 P.M. THE DAY

23 BEFORE.  WE'D REQUEST THAT AGAIN.

24    THE COURT:  OKAY.

25    MS. WYLE:  AND THAT WILL BE SEALED.

26    THE COURT:  OH, YEAH, DEFINITELY.  OKAY.

27       MR. WALLET, ANYTHING?

28    MR. WALLET:  NO, YOUR HONOR.

4

1       THE COURT:  OKAY.  MR. INGHAM, WITH REGARD TO THE

2 REQUESTED ADDITIONAL POWERS?

3       MR. INGHAM:  YOUR HONOR, I'VE REVIEWED BOTH OF THE

4 PROPOSED POWERS, AND I BELIEVE THAT THEY ARE COMPLETELY

5 APPROPRIATE TO BE EXERCISED BY THE TEMPORARY

6 CONSERVATORS.  THE TRUST POWERS WOULD NOT INCLUDE ANY

7 ACT THAT WOULD REQUIRE A SUBSTITUTED JUDGMENT PETITION,

8 AND I'M SATISFIED THAT THEY'RE LIMITED IN SCOPE AND

9 APPROPRIATE.

10       THE COURT:  OKAY.  LET ME DEAL WITH THE EX PARTE

11 THAT'S BEEN BROUGHT BY MR. GASWIRTH FIRST.

12       MS. WYLE:  WE HAVE ISSUES REGARDING THE T.R.O.

13 SERVICE THAT WE'D LIKE TO BRING UP WITH YOUR HONOR.

14       THE COURT:  LET ME FINISH WITH THE

15 CONSERVATORSHIP.  THEN WE'LL GET TO THE T.R.O.'S.

16       OKAY.  I AM IN RECEIPT OF THE EX PARTE

17 PETITION.  I WOULD BE INCLINED TO APPROVE IT, BUT I WANT

18 TO GIVE COUNSEL, IF THEY WISH, AN OPPORTUNITY TO BE

19 HEARD.

20       MR. INGHAM.

21       MR. INGHAM:  ONCE AGAIN, YOUR HONOR, I'VE REVIEWED

22 THE PROPOSED PETITION.  CERTAINLY WHAT IS GOING ON IS

23 THE COURT WOULD BE APPOINTING THE SUCCESSOR TRUSTEES

24 NAMED IN THE INSTRUMENT AS TEMPORARY TRUSTEES

25 CO-EXTENSIVE WITH THE APPOINTMENT OF THE TEMPORARY

26 CONSERVATORS.  I BELIEVE THAT'S APPROPRIATE.

27       THE COURT:  MR. WALLET?

28       MR. WALLET:  AGREED.

1       MS. WYLE:  AGREED.

2       THE COURT:  THEN I'M GOING TO APPROVE THE EX PARTE

3   PETITION AND I DON'T THINK I HAVE A PROPOSED ORDER BUT

4   I'M ASSUMING YOU BROUGHT ONE WITH YOU.

5       MR. GASWIRTH:  WE DID, YOUR HONOR.

6       MR. BYAM:  WE HAVE THE CONTENTS FOR BOTH THE

7   CO-TRUSTEES TO ACT.

8       THE COURT:  THANK YOU.  I'M SORRY.  MR. BYAM, DID

9   YOU WISH TO BE HEARD AT ALL?

10      MR. BYAM:  ONLY IF THERE ARE QUESTIONS.

11      THE COURT:  OKAY.

12      MR. GASWIRTH:  WE'LL GIVE THE PROPOSED ORDER --

13      THE COURT:  THERE'S ORIGINALS AND COPIES TO

14  CONFORM.  I THINK THAT TAKES CARE OF EVERYTHING RELATED

15  TO THE CONSERVATORSHIP AND THE EX PARTE WITH REGARD TO

16  THE TRUST.

17          SO YOU SAID YOU HAD AN ISSUE WITH REGARD TO

18  THE T.R.O.'S.

19      MS. WYLE:  YES, YOUR HONOR.  WE HAVE -- SINCE THE

20  ORDERS WERE ISSUED ON FEBRUARY 1ST, WE HAVE BEEN USING

21  GREAT EFFORT TO GET MR. LUTFI SERVED.  WE HAVE SPENT --

22  OUR INVESTIGATORS HAVE SPENT ALMOST 200 HOURS DOING SO.

23  WE BELIEVE -- WE'VE BEEN TO THE HOSPITAL, STAKED OUT HIS

24  RESIDENCE, DONE MANY THINGS THAT WE PREFER NOT TO MAKE A

25  MATTER OF RECORD ON SO WE CAN CONTINUE TO DO THEM.  WE

26  BELIEVE THAT -- IN FACT, WE HAVE INFORMATION THAT HE IS

27  IN FACT INTENTIONALLY AVOIDING SERVICE AT LEAST.

28          WE REQUEST THAT THE TIME PERIOD WITHIN

```
 1   WHICH WE MUST SERVE HIM BE EXTENDED TO 48 HOURS BEFORE.
 2          THE COURT:  REDUCED FROM THE 5 DAYS TO --
 3          MS. WYLE:  RIGHT.
 4          THE COURT:  THAT'S FINE.  I DON'T HAVE A PROBLEM
 5   MAKING THAT ORDER.  I KNOW THAT THE ORDERS AS THEY
 6   CURRENTLY READ I THINK PROVIDE FOR 5 DAYS SERVICE, AND
 7   IN THE EVENT THAT YOU'RE UNABLE TO HAVE HIM SERVED PRIOR
 8   TO THE FEBRUARY 22ND DATE OR IN TIME FOR THE HEARING ON
 9   THE FEBRUARY 22ND DATE, I WOULD BE INCLINED TO REISSUE
10   THOSE ORDERS AND WE CAN SET IT FOR A FUTURE DATE.  SO I
11   WOULD NEED SOME INFORMATION WITH REGARD TO THE FACT THAT
12   YOU'VE MADE THE EFFORTS AND HAVE BEEN UNABLE TO SERVE
13   BUT THAT'S NOT UNUSUAL IN ANY CASE --
14          MS. WYLE:  THANK YOU, YOUR HONOR.
15          THE COURT:  -- MUCH LESS THIS ONE.
16          MS. WYLE:  IF IN FACT WE ARE ABLE TO SERVE HIM AND
17   WE ARE ABLE TO BE HERE ON THE 22ND, WE'D APPRECIATE A
18   LITTLE BIT OF GUIDANCE AS TO WHETHER YOU WANT LIVE
19   TESTIMONY, WHETHER THERE WILL BE CROSS-EXAMINATION OF
20   WITNESSES, WHETHER ADDITIONAL DECLARATIONS WOULD BE
21   APPROPRIATE, AND WHETHER THERE'S A TIME WITHIN WHICH
22   YOU'D LIKE TO ALLOT THE ENTIRE HEARING ON THE T.R.O.
23          THE COURT:  OKAY.  IS BRIAN HERE?
24          MR. BYAM:  HE'S SIGNED A CONSENT TO ACT.
25          THE COURT:  MR. INGHAM IS HERE.  MR. WALLET IS
26   HERE.  MR. SPEARS IS HERE.  YOU'RE ALL HERE.  OKAY.
27               OKAY.  TO ANSWER YOUR QUESTION, IT DEPENDS,
28   AND I DON'T MEAN THAT IN A FLIPPANT WAY.  ASSUMING THAT
```

1   HE'S SERVED AND HE'S PRESENT, HE WOULD HAVE THE RIGHT TO

2   RETAIN COUNSEL OR NOT.  THAT'S UP TO HIM.  IF HE WANTS

3   TO HAVE A HEARING ON THAT DATE, I THINK I WOULD SET IT

4   FOR 1:30 IN THE AFTERNOON ON THE 22ND, AND HE WOULD BE

5   ABLE TO HAVE A HEARING ON THAT DATE.  OFTENTIMES WHAT

6   HAPPENS IS THE INDIVIDUAL WHO IS THE RESTRAINED PERSON

7   WISHES SOME ADDITIONAL TIME TO PREPARE, IN WHICH CASE

8   WHAT I NORMALLY WOULD DO IS CONTINUE THE ORDERS IN FULL

9   FORCE AND EFFECT AND THEN CONTINUE IT TO A FUTURE DATE

10  TO GIVE THAT INDIVIDUAL THE TIME TO SEEK COUNSEL, RETAIN

11  COUNSEL, OR TO PREPARE FOR THE HEARING, ESPECIALLY IN

12  LIGHT OF WHAT I NOW KNOW IS THAT HE WOULD HAVE A VERY

13  SHORT PERIOD OF NOTICE.

14          RELATIVE TO THE HEARING, WHAT I WOULD --

15  IT'S AN EVIDENTIARY HEARING, AND SO I WOULD BE TAKING

16  LIVE TESTIMONY.  I REALLY CAN'T GO BY DECLARATION.  SO I

17  THINK THAT'S THE SHORT ANSWER TO YOUR QUESTION.

18        MS. WYLE:  OKAY.  SO IF WE'RE UNABLE TO SERVE HIM,

19  WE'LL BE HERE ON THE 22ND.  THEN JUST TO FOLLOW UP --

20        THE COURT:  TO REQUEST A NOTICE OF REISSUANCE AND

21  TO HAVE A FUTURE DATE SET.

22        MS. WYLE:  THANK YOU, YOUR HONOR.

23        THE COURT:  OKAY.  SO WHAT WE NEED TO DO IS MODIFY

24  THE EXISTING ORDERS TO REFLECT A SHORTER TIME PERIOD AND

25  I WOULD HAVE NO PROBLEM REDUCING THE 5 DAYS ADVANCE

26  SERVICE TO 48 HOURS PRIOR TO THE HEARING DATE AND THEN

27  WE'LL SEE WHAT HAPPENS ON THE 22ND.

28        MS. WYLE:  THANK YOU VERY MUCH.

8

```
 1          THE COURT:  ANYTHING ELSE?  NO?  ALL RIGHT.  I
 2   WILL SEE YOU ON THE 22ND BUT PROBABLY NOT ALL OF YOU AND
 3   THE REST, EVERYTHING IS GOING TO BE SET ON MARCH 10TH AS
 4   PREVIOUSLY SET.  NORMALLY -- DID WE SET IT AT 1:30 OR
 5   10:30?  I DON'T REMEMBER.
 6          MS. WYLE:  IT IS SET AT 10:30.
 7          THE CLERK:  ONE MORE THING.  ON THIS ORDER YOU
 8   MADE REFERENCE TO A BRIAN SPEARS.  THIS DOCUMENT SAYS
 9   JAMES.
10          THE COURT:  THE SIGNATURE LINE.
11          MR. GASWIRTH:  JAMES IS THE CO-CONSERVATOR.
12          THE COURT:  OKAY.
13          THE CLERK:  MY PROBLEM IS THERE'S NO SIGNATURES ON
14   THERE.  THEY WANT THIS DOCUMENT FILED.
15          THE COURT:  MR. SPEARS IS HERE.  HE CAN --
16   MR. WALLET IS HERE.  MR. INGHAM IS HERE.  THEY CAN ALL
17   SIGN.
18              MR. INGHAM, I DON'T WANT TO PUT YOU IN A
19   BAD POSITION, BUT I NEED TO INQUIRE IF YOU HAVE ANY IDEA
20   OF HOW MUCH TIME WE MIGHT NEED ON MARCH 10TH.
21          MR. INGHAM:  I WOULD DOUBT VERY STRONGLY THAT
22   MARCH 10TH WOULD BE A FULL-BLOWN, CONTESTED HEARING.  ON
23   THE OTHER HAND DEPENDING ON THE EXPERT'S REPORT, I THINK
24   IT MAY REQUIRE SOME ADJUSTMENT TO THE EXISTING ORDERS.
25   I WOULD THINK IT COULD BE HANDLED IN LESS THAN TWO
26   HOURS.
27          THE COURT:  ALL RIGHT.  THEN LET ME DO THIS:  LET
28   ME SET THE HEARING FOR MARCH 10TH AT 10:30.  I DO HAVE
```

```
 1    ANOTHER MATTER SET, BUT I'M GOING TO MOVE THAT AROUND.

 2    I THINK THAT WILL BE EASIER THAN TRYING TO MOVE THIS ONE

 3    AROUND.  WE'LL LEAVE IT AT MARCH 10TH BUT 1:30 INSTEAD

 4    OF 10:30.

 5         MR. INGHAM:  THANK YOU, YOUR HONOR.

 6         MS. WYLE:  THANK YOU, YOUR HONOR.

 7         MR. BYAM:  THANK YOU, YOUR HONOR.

 8         THE COURT:  OKAY.

 9         MR. GASWIRTH:  THANK YOU.

10         THE COURT:  I'M ASSUMING ANY OTHER MATTERS SET IN

11    THE NEW CASE WILL ALSO BE SET IN THIS COURT.  ARE THEY

12    GOING TO BE SET FOR THE SAME DATE?

13         MR. GASWIRTH:  WE'RE GOING TO TRY, YES.

14         THE COURT:  IT'S A MONDAY.  THAT WILL BE AT 1:30.

15         MR. BYAM:  THAT'S ALL RIGHT.

16         THE COURT:  I THINK THAT WILL TAKE CARE OF IT.

17         THE CLERK:  ARE WE SETTING IT FOR A FUTURE DATE?

18         THE COURT:  WE DON'T NEED TO SET THAT PARTICULAR

19    MATTER -- ACTUALLY, WE PROBABLY DO ON THE TRUST FOR THE

20    EX PARTE.  LET'S HAVE IT SET ON MARCH 10TH AT 1:30 AS

21    WELL.

22         MR. GASWIRTH:  VERY GOOD.

23         THE COURT:  THEN IF THERE'S ANY CHANGE IN DATE,

24    JUST NOTIFY THE PROBATE ATTORNEY.  THEY'LL JOIN IT UP

25    WITH THIS ONE.

26         MS. WYLE:  THANK YOU, YOUR HONOR.

27         THE COURT:  YOU KNOW, ONE OTHER ORDER ON THE

28    REPORT BY THE 730 EXPERT TO BE FILED BY NOON THE PRIOR
```

```
 1   DAY, AND IT IS TO BE SEALED.

 2          MS. COHEN:   THANK YOU, YOUR HONOR.

 3

 4              (PROCEEDINGS CONCLUDED AT 2:04 P.M.)

 5   ///

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2         FOR THE COUNTY OF LOS ANGELES

3

DEPARTMENT 9          HON. REVA GOETZ, COMMISSIONER

4

5    IN RE THE CONSERVATORSHIP  )
                               )
6    BRITNEY JEAN SPEARS        )   NO. BP108870
                               )
7    _____)

8

9

10         I, TAMARA M. VOGL, OFFICIAL REPORTER OF THE

11   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

12   COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

13   CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

14   THAT THE FOREGOING PAGES 1 THROUGH 9, INCLUSIVE,

15   COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

16   PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

17   ABOVE-ENTITLED CAUSE ON FEBRUARY 14, 2008.

18

19         DATED THIS  19TH  DAY OF FEBRUARY, 2008.

20

21

22   _____
           TAMARA M. VOGL, CSR NO. 10186
23         OFFICIAL REPORTER

24

25

26

27

28