Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>    Temporary Conservatee. | CASE NO. CV 08-1021 PSC (RCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION: (1) TO CONTINUE HEARING ON CIVIL HARASSMENT TRO AGAINST OSAMA ("SAM") LUTFI; (2) TO EXTEND TERM OF TRO THROUGH NEW HEARING DATE; AND (3) TO EXTEND DEADLINE FOR SERVING TRO PAPERS**<br><br>Discovery Cut-Off: None Set<br>Trial Date: None Set |

**INTRODUCTION**

James P. Spears ("Mr. Spears") is the father of temporary conservatee Britney Jean Spears ("Britney"). By this *ex parte* application, Mr. Spears, the temporary conservator of Britney's person and the temporary co-conservator of her estate, respectfully asks this Court: (1) to continue the hearing date on the civil harassment temporary restraining order ("TRO") against Osama ("Sam") Lutfi, set by the Probate Department of the Superior Court of the State of California for the County of Los Angeles (the "Probate Court"); (2) to extend the TRO until the new hearing date; and (3) to extend until five days before the new hearing date the deadline for serving Mr. Lutfi with copies of the TRO papers.

On February 1, 2008, the Probate Court entered the TRO against Mr. Lutfi, based upon evidence that, *inter alia*, he was exercising complete control over Britney to her detriment and putting crushed drugs in her food. The Probate Court set a hearing on the TRO for 1:30 p.m. on Friday, February 22, 2008. At a February 14, 2008 hearing – just before the purported removal – the Probate Court stated its intent to continue the TRO hearing date and to extend the term of the TRO pending service of Mr. Lutfi, who had been evading service.

The continuance requested by Mr. Spears would allow the Court to hear the TRO at a time that is convenient to its calendar.[1] If this case is ultimately remanded – as requested in Mr. Spears' motion to remand filed on February 19, 2008 and as raised in the Court's February 19, 2008 Order to Show Cause re Remand to State Court – such a continuance will defer the TRO determination to the Probate Court, which regularly deals with legal, factual, and procedural issues like those presented by the allegations against Mr. Lutfi.

Most fundamentally, the relief sought by Mr. Spears is necessary and appropriate in order to preserve the status quo. Absent such relief, the removal

---

[1] Under the Court's Standing Order, it appears that the hearing on the TRO has already been vacated as a result of the removal. [Docket 15, ¶ 2.]

1

might have the effect of vacating the TRO – a TRO that, for the reasons stated in the application therefor, Mr. Spears believes to be vital to Britney's safety and recovery. Accordingly, Mr. Spears respectfully asks the Court to continue the hearing date on the TRO and to extend the TRO until it is heard.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   The Initiation of the Conservatorship Proceedings.

Early in the morning of January 31, 2008, Britney was taken to UCLA Medical Center and placed on a 72-hour psychiatric hold pursuant to Cal. Welf. & Inst. Code § 5150.  On February 1, 2008, Mr. Spears initiated the Conservatorship Proceedings by filing: (1) Petitions for Appointment of Temporary Conservators of the Person and the Estate; and (2) Petitions for Appointment of Probate Conservators of the Person and the Estate.  *See* Request for Judicial Notice in Support of Motion to Remand ("RJN"), Exs. A-D [Docket 9].

At a hearing on February 1, 2008, the Probate Court, Commissioner Reva Goetz presiding, found it appropriate to establish temporary conservatorships over Britney's person and estate, with the conservatorships to expire on February 4, 2008.  *See* RJN, Exs. U-X.  The Probate Court named: (1) Mr. Spears as temporary conservator of Britney's person and as temporary co-conservator of Britney's estate; and (2) Andrew M. Wallet, an attorney, as temporary co-conservator of Britney's estate.  *See id.*

Later on February 1, 2008, the Court appointed a Court Investigator and appointed Samuel D. Ingham III as Britney's counsel.  *See* RJN, Exs. Y-Z.

### B.   The TRO.

At the February 1, 2008 hearing, Mr. Spears sought a Civil Harassment Temporary Restraining Order against Mr. Lutfi.  *See id.*, Ex. R.  The request for the TRO was supported by the declaration of Lynne Spears, Britney's mother.[2]  In her

---

[2]   For the Court's convenience, a copy of the request for a TRO attaching Lynne Spears' declaration is attached as Exhibit B to the Declaration of Jeffrey D. Wexler

declaration, Lynne Spears recounted that Mr. Lutfi had become the person closest to Britney, and had been exerting total control over her life, home, and finances. *See* Declaration of Lynne Spears, ¶¶ 2-20 [Ex. R. to RJN]. She stated that Mr. Lutfi had put Britney in significant danger repeatedly, had disabled Britney's cars, and had disconnected her home telephone line and disposed of the chargers for her cell phones. *See id.*, ¶¶ 3, 7, 11, 14. She stated that Mr. Lutfi had been putting crushed pills into Britney's food, *see id.*, ¶ 8, and that he had admitted paparazzi into Britney's home, *see id.*, ¶¶ 3, 5.

Lynne Spears further declared that on the evening of January 29, 2008, Mr. Lutfi had told her that "You'd better learn that I control everything." *Id.*, ¶ 9. Mr. Lutfi told her that he controlled Britney's business manager Howard Grossman, her attorneys, and the security guards at the gate. *See id.* He told Lynne Spears that if he weren't in the house to give Britney her medication she would kill herself, and that, if Lynne Spears tried to get rid of him, Britney will "be dead and I'll piss on her grave." *Id.*, ¶ 10.

At the February 1, 2008 hearing, the Probate Court entered a TRO against Mr. Lutfi, ordering him not to have any contact with Britney. *See* RJN, Ex. S. The Probate Court scheduled the hearing on an injunction for February 22, 2008. *See id*.

### C. The February 4, 2008 Hearing and the February 6, 2008 Orders.

On February 4, 2008, the Probate Court held another hearing to determine whether to extend the conservatorships. *See* RJN, Exs. LL, MM. The Probate Court extended the conservatorship from February 4, 2008 until February 14, 2008, for which date it scheduled another hearing. *See id.* Based upon the pleadings that had been filed, a physician's declaration, and Mr. Ingham's report, the Probate Court found and ordered that "Ms. Spears does not have the capacity to retain counsel." *Id.*

_____

filed concurrently herewith.

3

### D. The February 14 Hearing.

On February 14, 2008, the date on which the conservatorships were to expire, the Probate Court held a hearing to determine whether to extend the conservatorships. *See* RJN, Ex. AAA. The Probate Court found good cause for extending the Temporary Letters – and, thus, the conservatorships – until March 10, 2008. *See id.*

At the hearing, Mr. Spears' counsel explained that Mr. Lutfi had not yet been served with the TRO papers even though investigators had spent nearly 200 hours seeking to do so, and that counsel had information that Mr. Lutfi was intentionally avoiding service. *See* February 14, 2008 Hearing Transcript at 5:19-27 [Docket 17]. The Probate Court agreed to extend the deadline for serving Mr. Lutfi from five days before the hearing date to 48 hours before the hearing date. *See id.* at 5:28 – 6:5, 7:23-27. The Probate Court further stated:

> . . . In the event that you're unable to have him served prior to the February 22nd date or in time for the hearing on the February 22nd date, I would be inclined to reissue those orders and we can set it for a future date. So I would need some information with regard to the fact that you've made the efforts and have been unable to serve but that's not unusual in any case --

*Id.* at 6:7-13.

In response to a question from Mr. Spears' counsel, the Probate Court explained that the hearing on the TRO would be an "evidentiary hearing" with "live testimony," and that "I really can't go by declaration." *Id.* at 6:16-22, 16:27 – 7:17.

The Probate Court completed the February 14, 2008 hearing at about 2:04 p.m.

### E. The Purported Removal.

At 2:03 p.m. on February 14, 2008, attorney Jon Eardley caused his Notice of Removal to be filed in the Clerk's Office of this Court. *See* Federal Notice of Removal at 1. At 2:26 p.m. on February 14, 2008, Mr. Eardley caused a Notice of Removal to be filed with the Clerk's Office of the Los Angeles Superior Court. *See*

4

State Notice of Removal at 1.  Mr. Eardley purported to take these actions on behalf of Britney notwithstanding the Probate Court's February 6, 2008 Orders that "Ms. Spears does not have the capacity to retain counsel."  RJN, Exs. LL, MM.

According to media reports, the Notice of Removal was filed on Mr. Eardley's behalf by Michael Sands, who handed out copies of it to the media at the Probate Court.  Mr. Sands has been retained as a publicist by Mr. Lutfi.  Thus, an inference may be drawn that one of the reasons for filing the Notice of Removal was to disrupt the TRO proceeding against Mr. Lutfi by removing it to this Court.

By statute, the TRO remains in place notwithstanding the removal.  *See* 28 U.S.C. § 1450 ("[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

### F. The Motion to Remand and the OSC re Remand.

On February 19, 2008, Mr. Spears filed a motion [Dockets 5-9] pursuant to 28 U.S.C. § 1447(c) asking the Court to remand the Conservatorship Proceedings to the Probate Court.  Mr. Ingham, Britney's Court-appointed attorney, joined in the motion to remand [Docket 10].  Mr. Spears' motion asks the Court to remand because: (1) the Probate Court's February 6, 2008 Order found that Britney "does not have the capacity to retain counsel," and she therefore could not have authorized Mr. Eardley to file the Notice of Removal on her behalf; and (2) no federal question is presented on the face of the well-pleaded conservatorship petitions.

On the same day, the Court entered its own Order to Show Cause re Remand to State Court (the "OSC") [Docket 16].  The OSC states that "the jurisdictional allegations appear to be defective" because "[r]emoval is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 but it appears that the claims may not 'arise under' federal law."  *Id.*  The OSC requires Mr. Eardley to respond by February 29, 2008.  *See id.*

**LEGAL ARGUMENT**

**I.  THE COURT SHOULD CONTINUE THE HEARING ON THE TRO AND EXTEND THE TRO IN ORDER TO PRESERVE THE STATUS QUO UNTIL THE REMAND ISSUE IS RESOLVED.**

Based upon the allegations set forth in Lynne Spears' declaration, the Probate Court found that the threat posed by Mr. Lutfi to Britney was sufficient as to temporarily restrain him from having any contact with her.  The Probate Court was prepared to continue the hearing on the TRO and to extend the TRO based upon Mr. Lutfi's evasion of service, and it would have done so but for Mr. Eardley's legally insupportable removal of the Conservatorship Proceedings to this Court.

Unless the Court grants this *ex parte* application, there is a real risk that Mr. Lutfi will take the position that, after the February 22, 2008 hearing date, he is entitled to contact Britney and take other actions that are prohibited by the TRO. Mr. Spears believes that such contact could pose a severe risk to Britney's safety and recovery, and that it is imperative that the TRO be continued in place until the request for an injunction can be resolved by the Probate Court (upon remand) or by this Court (on the hearing schedule mandated by the Local Rules and the Standing Order).

Accordingly, Mr. Spears respectfully asks the Court: (1) to continue the hearing date on the civil harassment TRO against Mr. Lutfi; (2) to extend the TRO until the new hearing date; and (3) to extend until five days before the new hearing date the deadline for serving Mr. Lutfi with copies of the TRO papers.

DATED: February 20, 2008           Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By:     /s/ Jeffrey D. Wexler
           Jeffrey D. Wexler
           Attorneys for James P. Spears,
           Temporary Conservator of the Person
           and Temporary Co-Conservator of the
           Estate