Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>Temporary Conservatee. | CASE NO. CV 08-1021 PSC (RCx)<br><br>**RESPONSE OF JAMES P. SPEARS, TEMPORARY CONSERVATOR OF THE PERSON AND TEMPORARY CO-CONSERVATOR OF THE ESTATE, TO ORDER TO SHOW CAUSE RE REMAND TO STATE COURT [Docket 16]**<br><br>Discovery Cut-Off: None Set<br>Trial Date: None Set |

1  James P. Spears ("Mr. Spears"), the temporary conservator of the person of Britney Jean Spears and the temporary co-conservator of the estate of Britney Jean Spears, respectfully responds as follows to the Order to Show Cause re Remand to State Court (the "OSC") [Docket 16] filed by this Court on February 19, 2008.

On February 19, 2008, Mr. Spears filed a motion [Dockets 5-9] pursuant to 28 U.S.C. § 1447(c) asking the Court to remand these conservatorship proceedings (the "Conservatorship Proceedings") to the Probate Department of the Superior Court of the State of California for the County of Los Angeles (the "Probate Court") and to award him the attorneys' fees and costs that he incurred as a result of the removal. Samuel D. Ingham III, the Court-appointed attorney for temporary conservatee Britney Jean Spears ("Britney"), joined in the motion to remand [Docket 10].

Mr. Spears respectfully requests that his motion to remand and the papers he filed in support thereof be deemed his optional response to the OSC.

As shown in Mr. Spears' motion papers, remand is appropriate for the reason identified in the OSC, *i.e.*, there is no federal question jurisdiction over the Conservatorship Proceedings because the well-pleaded conservatorship petitions do not present a claim arising under federal law.

However, there is another reason – not apparent on the face of the Notice of Removal – why remand is necessary. The Probate Court entered Orders dated February 6, 2008 finding that temporary conservatee Britney Jean Spears ("Britney") "does not have the capacity to retain counsel." Request for Judicial Notice in Support of Motion to Remand, Exs. LL, MM [Docket 9].[1] Accordingly, the counsel who purported to file the Notice of Removal on Britney's behalf, Jon

---

[1] As the OSC states, the Notice of Removal was defective because it did not attach a copy of all process, pleadings, and orders as required by 28 U.S.C. § 1446(a). To address this deficiency, Mr. Spears provided the Court with all such documents as exhibits to his Request for Judicial Notice in support of his motion to remand.

1

Eardley ("Mr. Eardley"), lacked the power to remove the Conservatorship Proceedings on behalf of Britney, and the purported removal is invalid.

Also on February 19, 2008, Mr. Spears filed an *ex parte* application asking the Court to expedite the briefing and hearing schedule on his motion to remand [Dockets 11-14]. Mr. Spears sought such expedition on the ground that the removal of the Conservatorship Proceedings to this Court is preventing the Probate Court from continuing to supervise and administer the conservatorship, and will require this Court to undertake the Probate Court's supervisory and administrative tasks. Expedited resolution of the remand issue is especially necessary because the temporary conservatorship is scheduled to expire on March 10, 2008 – the date set by the Probate Court for a hearing to determine whether to make the conservatorship permanent – and, unless the case is remanded before then, this Court will be required to take on the extensive fact-finding and legal tasks that the California Legislature and the Los Angeles Superior Court have exclusively entrusted to the Probate Court in order to decide whether to extend the conservatorship and, if so, on what terms.

Accordingly, Mr. Spears respectfully asks the Court: (1) to expand the scope of the Order to Show Cause by requiring Mr. Eardley to show cause why his Notice of Removal was valid notwithstanding the Probate Court's February 6, 2008 Orders finding that Britney "does not have the capacity to retain counsel"; and (2) to advance the deadline for Mr. Eardley to provide briefing on the propriety of the removal (either by granting Mr. Spears' pending *ex parte* application to remand or

1  by moving up the date for responding to the OSC) so that the Court will have ample
2  time to resolve the remand issue well before March 10, 2008.
3
4  DATED: February 20, 2008            Respectfully submitted,
5                                      LUCE, FORWARD, HAMILTON &
                                         SCRIPPS LLP
6
7                                      By:   /s/ Jeffrey D. Wexler
                                             Jeffrey D. Wexler
8                                            Attorneys for James P. Spears,
                                             Temporary Conservator of the Person
9                                            and Temporary Co-Conservator of the
                                             Estate
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28