Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>Temporary Conservatee. | CASE NO. CV 08-1021 PSG (RCx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND [28 U.S.C. § 1447(c)]**<br><br>Motion submitted without hearing |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD ....................................................................................................... 3

LEGAL ARGUMENT ....................................................................................................... 3

I. REMOVAL IS IMPROPER BECAUSE THE PROBATE COURT HAS FOUND THAT BRITNEY LACKS THE CAPACITY TO HIRE AS ATTORNEY, AND MR. EARDLEY CANNOT REMOVE THE CONSERVATORSHIP PROCEEDINGS ON HIS OWN BEHALF ............ 3

II. REMOVAL IS IMPROPER BECAUSE THERE IS NO FEDERAL QUESTION JURISDICTION ................................................................................ 3

    A. Removal is Improper Because No Federal Question Appears on the Face of the Well-Pleaded Petitions for Appointment of a Conservator ............................................................... 3

    B. There is No Federal Question Jurisdiction under *Grable & Sons*............................................................................................... 4

        1. The Notice of Removal's Claims Concerning the Food, Drug and Cosmetics Act do Not Demonstrate Federal Question Jurisdiction ........................................... 4

        2. The Notice of Removal's Miscellaneous Procedural Allegations do Not Demonstrate Federal Question Jurisdiction .................................................................... 5

III. THE COURT SHOULD AWARD MR. SPEARS HIS COSTS AND ATTORNEYS' FEES INCURRED AS A RESULT OF THE REMOVAL .......................................................................................................... 9

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**                               **Page**

*California v. Sandoval*,
  434 F.2d 635 (9th Cir. 1970),
  *cert. denied*, 402 U.S. 909 (1971) .................................................................. 8

*California ex rel. Lockyear v. Dynegy, Inc.*,
  375 F.3d 831,
  *amended*, 387 F.3d 966 (9th Cir. 2004),
  *cert. denied*, 544 U.S. 974 (2005) ............................................................. 3, 4

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ....................................................................................... 4

*City of Chicago v. International College of Surgeons*,
  522 U.S. 156 (1997) ....................................................................................... 4

*Conservatorship of Ben C.*,
  40 Cal. 4th 529,
  *cert. denied*, 128 S. Ct. 70 (2007) .................................................................. 5

*Conservatorship of Hofferber*,
  28 Cal. 3d 161 (1980) .................................................................................... 5

*Conservatorship of Margaret L.*,
  89 Cal. App. 4th 675 (2001) ........................................................................... 5

*Conservatorship of Roulet*,
  23 Cal. 3d 219 (1979) .................................................................................... 5

*Edward W. v. Lamkins*,
  99 Cal. App. 4th 516 (2002) ........................................................................... 5

*Georgia v. Rachel*,
  384 U.S. 780 (1966) ....................................................................................... 8

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005) ....................................................................................... 6

*Johnson v. Mississippi*,
  421 U.S. 213 (1975) ....................................................................................... 8

*Kruse v. State of Hawaii*,
  68 F.3d 331 (9th Cir. 1995) ............................................................................ 4

*Lee v. American Nat'l Ins. Co.*,
  260 F.3d 997 (9th Cir. 2001),
  *cert denied*, 535 U.S. 928 (2002) .................................................................. 4

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ....................................................................................... 9

# TABLE OF AUTHORITIES
## (cont'd)

**Page**

*Mennonite Bd. of Missions v. Adams*,
   462 U.S. 791 (1983) .................................................................................. 7

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) .................................................................................. 7

*Neal v. Wilson*,
   112 F.3d 351 (8th Cir. 1997) ..................................................................... 8

*New Mexico v. Gutierrez*,
   409 F. Supp. 2d 1346 (D. N.M. 2006) ...................................................... 8

*Patel v. Del Taco, Inc.*,
   446 F.3d 996 (9th Cir. 2006) ................................................................. 7, 8

*Thor v. Superior Court*,
   5 Cal. 4th 725 (1993) ................................................................................ 5

*Tulsa Professional Collection Services, Inc. v. Pope*,
   485 U.S. 478 (1988) .............................................................................. 6, 7

## STATUTES

21 U.S.C. §§ 301 *et seq.* ................................................................................. 4

28 U.S.C. § 1257(a) ........................................................................................ 7

28 U.S.C. § 1441 ......................................................................................... 7, 8

28 U.S.C. § 1443 ............................................................................................. 8

28 U.S.C. § 1443(1) ................................................................................ 2, 7, 8

28 U.S.C. § 1447(c) ........................................................................................ 9

Cal. Prob. Code § 1825 ................................................................................... 2

Cal. Prob. Code § 1825(a)(2) ......................................................................... 2

Cal. Prob. Code § 1825(a)(3) ......................................................................... 2

Cal. Prob. Code § 1825(c) .............................................................................. 2

Cal. Prob. Code § 2250 ................................................................................... 5

Cal. Prob. Code § 2250(c) ........................................................................... 5, 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
### (cont'd)

**Page**

Cal. Welf. & Inst. Code §§ 5350 *et seq.* ................................................................... 5

**INTRODUCTION**

In his opposition papers, attorney Jon Eardley ("Mr. Eardley") makes no attempt whatsoever to respond to the showing of James P. Spears ("Mr. Spears"), the temporary conservator of the person of Britney Jean Spears ("Britney") and the temporary co-conservator of her estate, that Mr. Eardley's purported removal of the Conservatorship Proceedings was improper because of the Probate Court's February 6, 2008 Orders that Britney lacks capacity to hire her own counsel.[1]  For this reason alone, the Conservatorship Proceedings must be remanded to the Probate Court.

Furthermore, Mr. Eardley does not dispute that, as a matter of law, the existence of federal question jurisdiction must be determined based upon the allegations made in a well-pleaded complaint.  Nor does he identify any allegation in the well-pleaded conservatorship petitions that implicates a federal question.  Furthermore, Mr. Eardley's opposition abandons the Notice of Removal's primary ground for asserting federal question jurisdiction – his allegation that Mr. Spears "supplements" Britney's medications – doubtlessly because the Probate Court has ***not*** granted Mr. Spears medical powers.

---

[1]  Although the Court's February 20, 2008 Order [Docket 23] ordered Mr. Eardley to electronically file his opposition papers by Friday, February 22, 2008, as of the time that Mr. Spears is filing these reply papers no opposition papers have been electronically filed.  Because Mr. Eardley faxed opposition papers to counsel for Mr. Spears on the evening of February 20, 2008, Mr. Spears assumes that Mr. Eardley has attempted to manually file his opposition papers with the clerk's office.  In order to ensure that the Court's resolution of this motion to remand is not delayed by Mr. Eardley's failure to electronically file his opposition papers, Mr. Spears is himself electronically filing those papers as Exhibit A to the Supplemental Declaration of Jeffrey D. Wexler filed concurrently herewith.

The opposition states Mr. Eardley's intent to "submit on Monday, February 25, 2008 an application for leave to amend the notice of removal to include federal claims involving witness intimidation, victim intimidation, and other federal claims appropriate for this court's review."  Opp. at 3:14-18.  Any such motion would be untimely under the Court's February 20, 2008 Order.  In any event, the "federal claims" referred to by Mr. Eardley: (1) could not give him the right to file a Notice of Removal on behalf of Britney when the Probate Court's February 6, 2008 Orders found she lacked the capacity to hire counsel; and (2) could not create federal question jurisdiction on the face of the conservatorship petitions.

1

1    In addition to making unsupported factual allegations that do not appear on the face of the conservatorship petitions and therefore could not possibly support federal question removal jurisdiction,[2] Mr. Eardley relies primarily on the argument that Britney was not given notice before the Probate Court established the conservatorship.[3] However, Mr. Eardley has not established any ground allowing him to collaterally attack the Probate Court's finding that notice should be waived in order to protect Britney's health and safety. In any event, while challenges to state court procedures may support removal under 28 U.S.C. § 1443(1) in cases claiming that such procedures will deny the defendant equal racial civil rights, they cannot support removal in this case, where no such race-based allegations can be made.

Finally, Mr. Eardley does not dispute that Mr. Spears is entitled to recover attorneys' fees and costs. Mr. Eardley does not claim that he had an objectively reasonable basis for the removal. Nor does he dispute that his filing of the Notice of Removal was intended to deprive the Probate Court of jurisdiction over this matter, thereby resulting in the expiration of the conservatorship.

---

[2] Because these factual allegations are unsupported by the record and cannot in any event support removal jurisdiction, Mr. Spears will not respond to such allegations here, other than by noting that some of the allegations are completely false and others are deliberately misleading.

[3] As stated in Mr. Spears' moving papers, Britney was given the opportunity to attend the February 4, 2008 hearing, but chose not to do so. Furthermore, Britney will be given notice of the hearing on a permanent conservatorship.

Under Cal. Prob. Code § 1825, Britney "shall be produced at the hearing" on a permanent conservatorship unless: (1) she "is unable to attend the hearing by reason of medical inability" (provided that "[e]motional or psychological instability is not good cause for the absence of the proposed conservatee from the hearing unless, by reason of such instability, attendance at the hearing is likely to cause serious and immediate physiological damage to the proposed conservatee"), Cal. Prob. Code §§ 1825(a)(2), (c); or (2) "the court investigator has reported to the court that the proposed conservatee has expressly communicated that the proposed conservatee (i) is not willing to attend the hearing, (ii) does not wish to contest the establishment of the conservatorship, and (iii) does not object to the proposed conservator or prefer that another person act as conservator, and the court makes an order that the proposed conservatee need not attend the hearing," Cal. Prob. Code § 1825(a)(3).

## LEGAL STANDARD

Mr. Eardley does not dispute that "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyear v. Dynegy, Inc.*, 375 F.3d 831, 838, *amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

## LEGAL ARGUMENT

**I. REMOVAL IS IMPROPER BECAUSE THE PROBATE COURT HAS FOUND THAT BRITNEY LACKS THE CAPACITY TO HIRE AN ATTORNEY, AND MR. EARDLEY CANNOT REMOVE THE CONSERVATORSHIP PROCEEDINGS ON HIS OWN BEHALF.**

In his moving papers, Mr. Spears presented factual and legal argument showing that Mr. Eardley could not have filed the Notice of Removal on behalf of Britney because the Probate Court's February 6, 2008 Orders (Exs. LL, MM to Request for Judicial Notice ("RJN") [Docket 9]) ordered that "Ms. Spears does not have the capacity to retain counsel." *See* Docket 6 at 5:27 – 6:25, 9:24 – 11:15. Mr. Eardley has failed to make any argument whatsoever in support of his contention that he could file the Notice of Removal on behalf of Britney, either as her attorney or on his own behalf. For this reason alone, Mr. Spears' motion to remand must be granted.

**II. REMOVAL IS IMPROPER BECAUSE THERE IS NO FEDERAL QUESTION JURISDICTION.**

 **A.   Removal is Improper Because No Federal Question Appears on the Face of the Well-Pleaded Petitions for Appointment of a Conservator.**

In his moving papers, Mr. Spears cited authority, *see id.* at 11:20 – 12:8, holding that the existence of federal question jurisdiction is to be determined according to "the '"well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the

3

plaintiff's properly pleaded complaint.'" *California ex rel. Dynegy*, 375 F.3d at 838 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Mr. Eardley does not dispute this general proposition. Instead, he cites cases, *see* Opp. at 6:23 – 8:9, that held that a federal court has removal jurisdiction over an entire case where some claims are properly removable to federal court, even through other claims would not be removable by themselves.[4] On their face, these cases are applicable only where at least one federal claim appears on the face of a well-pleaded complaint. They do not create federal question jurisdiction over issues of federal law that do not appear on the face of the pleading.

Mr. Eardley does not dispute that the "complaint" that he has sought to remove is the petitions for conservatorship or that the petitions do not allege, explicitly or implicitly, any issue of federal law as a predicate for the requested relief. Under the rule that the existence of federal question jurisdiction supporting removal is to be decided on the face of a well-pleaded complaint, there is no basis for Mr. Eardley's purported removal of the Conservatorship Proceedings.

**B.      There is No Federal Question Jurisdiction under *Grable & Sons*.**

   **1.      The Notice of Removal's Claims Concerning the Food, Drug and Cosmetics Act do Not Demonstrate Federal Question Jurisdiction.**

The Notice of Removal based its claim of federal question jurisdiction largely upon the contention that Mr. Spears "supplements" Britney's medications and that such supplementation somehow implicates the Food, Drug and Cosmetics Act, 21 U.S.C. §§ 301 *et seq.* Mr. Eardley's opposition papers abandon this contention in its

---

[4] *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163-72 (1997) (holding that claims raising a federal question allowed removal of claims to federal court and that the district court had supplemental jurisdiction over state law claims for review of administrative decisions); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002-04 (9th Cir. 2001) (holding that a diversity action may be removed in its entirety even though the plaintiff lacked Article III standing as to one of several defendants), *cert. denied*, 535 U.S. 928 (2002); *Kruse v. State of Hawaii*, 68 F.3d 331, 334-35 (9th Cir. 1995) (holding that a complaint may be removed to federal court even though the Eleventh Amendment bars some of the causes of action alleged therein).

entirety, perhaps because of the indisputable fact that the Probate Court did **not** grant Mr. Spears the power to make medical or health care decisions for Britney. *See* RJN, Exs. U, W.

### 2. The Notice of Removal's Miscellaneous Procedural Allegations do Not Demonstrate Federal Question Jurisdiction.

Mr. Eardley's opposition argues for removal jurisdiction based on the procedural contention that the Probate Court erred in waiving notice before establishing the conservatorship.[5] *See* Opp. at 2:3-9, 5:22 – 6:13, 8:10-12, 9:15 – 10:10. However, the Probate Court's decision to waive notice was authorized by Cal. Prob. Code § 2250(c), which allows the Court "for good cause" to waive notice to the proposed conservatee. *See Edward W. v. Lamkins*, 99 Cal. App. 4th 516, 529 (2002) (good cause to waive notice requirements under Section 2250 may exist "'in cases of imminent danger to the life or health of the patient or a similar exigency'") (quoting *Thor v. Superior Court*, 5 Cal. 4th 725, 733 n.2 (1993)).

The Probate Court found good cause because notice to Britney would effectively give notice to Osama ("Sam") Lutfi, which the Probate Court found would pose a danger to Britney's health and safety. Mr. Eardley cannot create a

---

[5] Mr. Eardley devotes considerable argument to the constitutional rights that are to be afforded to a conservatee who is involuntarily committed to a mental institution pursuant to the grave disability provisions of the Lanterman-Petris-Short ("LPS") Act, Cal. Welf. & Inst. Code §§ 5350 *et seq*. *See* Opp. at 4:2 – 5:4 (citing *Conservatorship of Roulet*, 23 Cal. 3d 219 (1979), *Edward W. v. Lamkins*, 99 Cal. App. 4th 516, 531 (2002), *Conservatorship of Hofferber*, 28 Cal. 3d 161, 178-79 (1980), and *Conservatorship of Margaret L.*, 89 Cal. App. 4th 675, 679 (2001)). Because the Conservatorship Proceedings were not brought pursuant to the LPS Act, the cases cited by Mr. Eardley are of marginal relevance.

In any event, in *Conservatorship of Ben C.*, 40 Cal. 4th 529, 536-44, *cert. denied*, 128 S. Ct. 70 (2007), the California Supreme Court recognized that "the analogy between criminal proceedings and proceedings under the LPS Act is imperfect at best and that not all of the safeguards required in the former are appropriate to the latter." *Id.* at 537-38 (explaining the evolution of the law since *Conservatorship of Roulet*, 23 Cal. 3d 219). Accordingly, the Court acknowledged that "the layers of protections" provided by statute and "the trial court's ongoing supervision" "provide[] a panoply of safeguards appropriately geared to the specific goals and interests involved." *Id.* at 540-44 (disapproving *Conservatorship of Margaret L.*, 89 Cal. App. 4th 675).

1 federal question concerning the Probate Court's application of Section 2250(c)
2 through his conclusory contention that "the **perjured** declaration of Lynn Spears was
3 submitted to the state court . . . to deny Britney her freedom of association with her
4 **best friend**."[6]  Opp. at 5:24-27 (emphasis added).

5  Mr. Eardley implies that federal question jurisdiction exists under *Grable &
6 Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), because the
7 case purportedly involves state law claims that implicate significant federal issues.
8 *See* Opp. at 9:1-14.  However, Mr. Eardley does not dispute Mr. Spears' showing,
9 *see* Docket 6 at 13:27 – 14:24, that there is federal question jurisdiction under
10 *Grable & Sons* only when the claims asserted in the complaint implicate a federal
11 question.  Nor does he dispute Mr. Spears' analysis, *see id.* at 14:25 – 19:16,
12 demonstrating that under the factors set forth in *Grable & Sons* – and, in particular,
13 the federalism concerns acknowledged by that Court, *see Grable & Sons*, 545 U.S.
14 at 313-14 – the exercise of federal question jurisdiction over conservatorship
15 proceedings would be wholly inappropriate.

16  In support of his *Grable & Sons* argument, Mr. Eardley argues that "[t]he
17 conservatorship litigation removed to this court implicates substantial 14th
18 amendment questions suitable for resolution by a federal court" because "[d]enying
19 notice to those parties in interest in the conservatorship case violates the rule of
20 Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988)."  Opp. at
21 5:18 – 6:13, 9:15 – 10:3.  However, the cases cited by Mr. Eardley stand for the
22 proposition that the **United States Supreme Court** may review the opinions of a
23 **state's highest court** concerning notice statutes to determine whether those statutes
24 comply with the Due Process Clause.[7]  These cases all involve the Supreme Court's

---

[6] Mr. Eardley's claim that Lynne Spears' declaration is "perjured" and his description of Mr. Lutfi as Britney's "best friend" speak volumes as to where Mr. Eardley's allegiances apparently lie.

[7] *See Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 479-91 (1988) (Supreme Court review of state court decisions as to whether the Due

6

statutory power to review by writ of certiorari "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had . . . where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1257(a). None of the cases cited by Mr. Eardley authorized ***removal*** of the underlying lawsuits based upon federal question jurisdiction.

Thus, Mr. Eardley cites no authority suggesting that allegations concerning the denial of due process and constitutional rights can create federal question jurisdiction supporting removal under 28 U.S.C. § 1441. Congress has enacted another statute that deals with the removal of cases to federal court based upon a defendant's alleged deprivation of constitutional rights in state court – 28 U.S.C. § 1443(1). However, the Notice of Removal does not cite Section 1443(1), which is in any event inapplicable because that statute applies only to cases involving racial discrimination.

Section 1443(1) allows a defendant to remove a civil action from state court to federal court if the action is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right ***under any law providing for the equal civil rights of citizens of the United States***, or of all persons within the jurisdiction thereof." *Id.* (emphasis added). Thus, in order to remove a case under Section 1443(1), "'the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.'" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting

---

Process Clause is satisfied by the provision of notice to creditors in probate proceedings solely by publication); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 792-800 (1983) (Supreme Court review of state court decisions as to whether the Due Process Clause is satisfied by the provision of notice to delinquent taxpayers solely by publication); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 307-20 (1950) (Supreme Court review of state court decisions as to whether the Due Process Clause is satisfied by the provision of notice to trust beneficiaries solely by publication).

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970), *cert. denied*, 402 U.S. 909 (1971)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for § 1443 removal." *New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D. N.M. 2006) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). In his opposition, Mr. Eardley is claiming violation of constitutional provisions of general applicability, not racial discrimination. Accordingly, removal under Section 1443(1) is unavailable.

Furthermore, in order to remove a case pursuant to Section 1443(1), "'petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636). *See, e.g.*, *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) ("'[r]emoval [under Section 1443(1)] is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts'") (quoting *Georgia v. Rachel*, 384 U.S. 780, 800 (1966)). Here, there is no basis for claiming that the Probate Court will not enforce Britney's claimed constitutional rights, nor is there any state statute or constitutional provision that purports to command the Probate Court to ignore federal rights.

If Congress had believed that Section 1441 creates removal jurisdiction based upon the alleged deprivation of constitutional rights in state court proceedings, it would not have enacted Section 1443(1) to create removal jurisdiction based upon the alleged deprivation of constitutional rights in the limited subset of cases involving equal racial civil rights. It follows that removal jurisdiction cannot be based upon Mr. Eardley's allegations of non-racial constitutional rights violations not appearing on the face of the conservatorship petitions.

### III. THE COURT SHOULD AWARD MR. SPEARS HIS COSTS AND ATTORNEYS' FEES INCURRED AS A RESULT OF THE REMOVAL.

Mr. Eardley does not dispute that, under 28 U.S.C. § 1447(c), the Court may award attorneys' fees and costs to Mr. Spears if: (1) he lacked an objectively reasonable basis for seeking removal; or (2) unusual circumstances justify an award of fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Mr. Eardley does not argue that the removal was objectively reasonable, nor does he dispute Mr. Spears' showing of unusual circumstances (*i.e.*, the removal was intended to deprive the Probate Court of jurisdiction, thereby resulting in the expiration of the conservatorship).

In addition to the attorneys' fees and costs of $27,495 itemized in Mr. Spears' moving papers, Mr. Spears has now incurred additional attorneys' fees and costs of $15,403.50 as a result of Mr. Eardley's purported removal of the Conservatorship Proceedings. *See* Supplemental Declaration of Jeffrey D. Wexler, ¶¶ 2-6. Accordingly, Mr. Spears respectfully asks the Court to award him total attorneys' fees and costs of $42,898.50.

Mr. Eardley does not respond to Mr. Spears' request that the Court: (1) award attorneys' fees and costs jointly and severally against Mr. Eardley and the person or persons with whom he has worked in concert to effectuate the removal; and (2) order him to provide a full and complete statement, under penalty of perjury, identifying all such person and stating each person's role with regard to the Notice of Removal. Accordingly, the Court should order the requested relief.

### CONCLUSION

For the reasons set forth herein and in his moving papers, Mr. Spears respectfully asks the Court to remand the Action to the Probate Department of the

9

1 | Los Angeles Superior Court and to award him the attorneys' fees and costs he has
2 | incurred as a result of the removal.[8]

3 | DATED: February 25, 2008         Respectfully submitted,

4 |                                  LUCE, FORWARD, HAMILTON & SCRIPPS LLP

6 |                                  By: ___/s/ Jeffrey D. Wexler___
                                         Jeffrey D. Wexler
7 |                                       Attorneys for James P. Spears,
                                          Temporary Conservator of the Person
8 |                                       and Temporary Co-Conservator of the Estate

---

[8] In his opposition, Mr. Eardley asks that, if the Court remands the matter to the Probate Court, it provide "special instructions that a hearing be held with the presence of Ms. Spears at the earliest available date." Opp. at 10:15-16. The record indicates, however, that the Probate Court held hearings on February 4, 2008 and February 14, 2008 which Britney chose not to attend, and that Britney has the right under Cal. Prob. Code § 1825 to attend the hearing on the permanent conservatorship.

Mr. Eardley also asks that Britney "be afforded the opportunity to meet with counsel in private." *Id.* at 10:16-18. Under the Probate Court's Orders, Britney already has the right to meet with counsel in private – her Court-appointed attorney, Samuel Ingham III. Given the Probate Court's Order that Britney lacks the capacity to hire counsel, it would be inappropriate to order that Britney meet privately with Mr. Eardley.

Finally, Mr. Eardley asks that "adequate measures [be] taken to secure [Britney's] right to privacy from undue publicity." *Id.* at 10:18-19. The Probate Court granted Mr. Spears' *ex parte* application to seal medical records and discussions concerning medical information, and held that other issues of confidentiality may be addressed through the filing of motions to seal. *See* RJN, Exs. M-Q, KK. Mr. Spears is unaware of anything else that can be done to prevent "undue publicity" consistent with the media's First Amendment rights (although he notes that Mr. Eardley's stated concern with "undue publicity" is difficult to reconcile with the fact that Mr. Lutfi's publicist Michael Sands on February 14, 2008 distributed copies of Mr. Eardley's Notice of Removal to the media at the Probate Court).

10