Geraldine A. Wyle, State Bar No. 89735
Jeffrey D. Wexler, State Bar No. 132256
Vivian Lee Thoreen, State Bar No. 224162
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213-892-4992
Fax No.: 213-892-7731
gwyle@luce.com
jwexler@luce.com
vthoreen@luce.com

Attorneys for James P. Spears,
Temporary Conservator of the Person and
Temporary Co-Conservator of the Estate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re the Conservatorship of the Person and the Estate of<br><br>BRITNEY JEAN SPEARS,<br><br>              Temporary Conservatee. | CASE NO. CV 08-1021 PSG (RCx)<br><br>**SUPPLEMENTAL DECLARATION OF JEFFREY D. WEXLER IN SUPPORT OF MOTION TO REMAND [28 U.S.C. § 1447(c)]**<br><br>Motion submitted without hearing |

**DECLARATION OF JEFFREY D. WEXLER**

I, JEFFREY D. WEXLER, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California and am a member of the bar of this Court. I am a partner in the law firm of Luce, Forward, Hamilton & Scripps LLP ("LFH&S"), counsel of record for James P. Spears ("Mr. Spears"), the temporary conservator of the person of Britney Jean Spears and the temporary co-conservator of the estate of Britney Jean Spears. I have personal knowledge of the matters set forth below, and if required to do so, I would and could testify competently to the same.

2. I submit this supplemental declaration in support of Mr. Spears' request pursuant to 28 U.S.C. § 1447(c) to recover the attorneys' fees that he has incurred and will incur as a result of the removal and, in particular, to provide information concerning the additional attorneys' fees and costs that Mr. Spears has incurred as a result of the removal in addition to the fees itemized in my declaration filed on February 19, 2008 [Docket 8].

3. According to LFH&S billing records, between February 19, 2008 – when Mr. Spears filed his motion to remand – and the time of filing of Mr. Spears' reply papers in support of his motion to remand – I spent more than 26.7 hours working on matters necessitated by the purported removal, including, *inter alia*: (a) strategizing and communicating with co-counsel concerning attorney Jon Eardley's opposition to the motion to remand and Mr. Spears' response thereto; (b) drafting Mr. Spears' *ex parte* application to extend the temporary restraining order against Osama ("Sam") Lutfi (an application that was necessitated by the removal, given the Probate Court's stated willingness to extend the temporary restraining order without an *ex parte* application); (c) preparing for and attending a hearing before the Probate Court to report on the status of the removed proceedings; and (d) researching and drafting Mr. Spears' reply papers in support of the motion to

remand. At my standard hourly rate of $525, my fees incurred during this period as a result of the purported removal total $14,017.50.

4. According to LFH&S billing records, between February 19, 2008 – when Mr. Spears filed his motion to remand – and the time of filing of Mr. Spears' reply papers in support of his motion to remand – LFH&S partner Geraldine A. Wyle spent 2.8 hours working on matters necessitated by the purported removal, including, *inter alia*: (a) strategizing and communicating with co-counsel concerning Mr. Eardley's opposition to the motion to remand and Mr. Spears' response thereto; (b) reviewing and revising Mr. Spears' *ex parte* application to extend the temporary restraining order against Mr. Lutfi; (c) preparing for and attending a hearing before the Probate Court to report on the status of the removed proceedings; and (d) reviewing and revising Mr. Spears' reply papers in support of the motion to remand. At Ms. Wyle's standard hourly rate of $495, her fees incurred during this period as a result of the purported removal total $1,386.

5. Including the attorneys' fees of $27,495 itemized in my initial declaration in support of Mr. Spears' motion to remand, Mr. Spears has now incurred total attorneys' fees of more than $42,898.50 as a result of the removal.

6. Because the Court has stated that it will rule on the motion to remand without a hearing, Mr. Spears will not be incurring attorneys' fees of $1,575 for preparing for, traveling to and from, and attending the hearing, as estimated in my prior declaration.

7. Attached hereto as Exhibit A is a true and correct copy of the Opposition to Motion to Remand; Declaration of Jon Eardley that Ms. Wyle and I received by facsimile on February 22, 2008. (I am filing these opposition papers for the Court's convenience because Mr. Eardley did not electronically file the papers with the Court by February 22, 2008 as required by the Court's February 20, 2008 Order [Docket 23], and Mr. Spears wishes to ensure that Mr. Eardley's failure to

1 | electronically file such papers does not delay the Court's resolution of his motion to
2 | remand.
3 |     Executed on February 25, 2008 at Los Angeles, California.
4 |     I declare under penalty of perjury that the foregoing is true and correct.

                                                /s/ Jeffrey D. Wexler
                                                Jeffrey D. Wexler

3