UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LA County Superior Court Case No.: BP108870                                                          JS-6

**CIVIL MINUTES - GENERAL**
**\*\*CORRECTED\*\***

| Case No. | CV 08-1021 PSG (RCx) | Date | Feb. 26, 2008 |
|---|---|---|---|
| Title | In re the Conservatorship of the Person and Estate of Britney Jean Spears | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):
Not Present                                                  Not Present

**Proceedings:**   (In Chambers) Corrected Order on the Conservator's Motion to Remand

Before this Court is the Conservator's Motion to Remand. The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.   BACKGROUND

On February 14, 2008, attorney Jon J. Eardley ("Mr. Eardley") filed a notice of removal for the conservatorship proceedings of Britney Jean Spears ("Ms. Spears") from Los Angeles Superior Court ("Probate Court") to this federal district court. Mr. Eardley claims authority to act on behalf of Ms. Spears despite the Probate Court's orders to the contrary. On February 1, 2008, the Probate Court appointed Samuel D. Ingham III ("Mr. Ingham") as Ms. Spear's attorney. Also on that date, the Probate Court appointed Mr. Spears (Ms. Spears' father) as temporary conservator of Ms. Spears' person and estate. On February 4, 2008, the Probate Court extended the conservatorship over Ms. Spears until February 14, 2008 making the explicit finding that "Ms. Spears does not have the capacity to retain counsel." Then on February 14, 2008, the Probate Court again extended the conservatorship until March 10, 2008. At no time during the conservatorship did the Probate Court find that Ms. Spears had the capacity to retain counsel.

On February 19, 2008, this Court issued an Order to Show Cause to the removing party ordering the party to explain why this action should not be remanded due to the Court's lack of subject matter jurisdiction. Also on that date, Mr. Spears filed the current motion, in which Mr. Ingham joined, to remand the case to the Probate Court. Mr. Spears also requested an award of attorney's fees and sanctions against the removing attorney.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**
**\*\*CORRECTED\*\***

| Case No. | CV 08-1021 PSG (RCx) | Date | Feb. 26, 2008 |
|---|---|---|---|
| Title | In re the Conservatorship of the Person and Estate of Britney Jean Spears | | |

For the following reasons, this Court grants Mr. Spear's motion to remand. Also, the Court declines to award attorney's fees.

II.  LEGAL STANDARD

While 28 U.S.C. § 1441 provides that some actions filed in state court may be removed to federal district court, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005) (citation omitted). The Ninth Circuit applies a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Furthermore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).

III.  DISCUSSION

A.  Mr. Eardley's Standing to Remove the State Court Case

The conservator and Ms. Spears' court-appointed attorney make a simple argument for remand: Mr. Eardley is not Ms. Spears' attorney and acted improperly by removing her conservatorship proceeding to federal court. While Mr. Eardley argues that this Court has subject matter jurisdiction over the case because Ms. Spears' due process rights were violated in the conservatorship proceeding, Mr. Eardley fails to explain why he can bring this claim for her in the first instance. He cannot.

The federal removal statute clearly allows only a defendant to remove a case to federal court. Section 1441(a) states that, under the proper circumstances, "any civil action brought in a State court ... may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Several courts have considered the issue and have been uniform in determining that non-parties do not have a right to remove cases to federal court. *See*, *e.g.*, *Newman and Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) (Both a non-party and an individual claiming to be a real party in interest have "no authority to seek removal."); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants."); *Kane v. Republica De Cuba*, 211 F. Supp. 855, 856-58 (D.P.R. 1962) (a non-party who has not formally intervened may not remove a case from state court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**
**\*\*CORRECTED\*\***

| Case No. | CV 08-1021 PSG (RCx) | Date | Feb. 26, 2008 |
|---|---|---|---|
| Title | In re the Conservatorship of the Person and Estate of Britney Jean Spears | | |

   Here, Mr. Eardley had no authority to remove the case from state court.  He is neither a defendant nor a party.  While he claims to be Ms. Spears' attorney, the Probate Court appointed Mr. Ingham as her attorney and found that she was incapable of retaining her own counsel.  Mr. Eardley did not challenge the Probate Court's appointment of Mr. Ingham and has not attempted to intervene in the conservatorship proceeding on her behalf.  Instead, Mr. Eardley caused the case to be removed to federal court while clearly lacking the authority to do so.

  B. Attorney's Fees Award

   The Court finds that it is inappropriate to award attorney's fees in this case.

IV. <u>CONCLUSION</u>

   For the foregoing reasons, the Court REMANDS this case to the Probate Court.