1  Jon Eardley, Esq.    CA Bar No. 132577
   **LAW OFFICES OF JON EARDLEY**
2  50 Jericho Turnpike
3  Suite 201
   Jericho, New York 11753
4  516-876-4213
5  516-876-6906 (fax)

6  **LAW OFFICES OF JON EARDLEY**
7  1707 N Street, N.W.
   Washington, D.C. 20036
8  202-223-4884

9

10 Attorney for Britney J. Spears

11

12      UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
                CALIFORNIA—LOS ANGELES DIVISION

13  CONSERVATORSHIP OF BRITNEY  )  CASE NO. CV 08-1021 PSG (RCx)
14  JEAN SPEARS                 )
                                )  **OPPOSITION TO MOTION TO**
15                              )  **REMAND; DECLARATION OF**
                                )  **JON EARDLEY**
16                              )
17                              )  Date: March 17, 2008
                                )  Time: 1:30 p.m.
18                              )  Place: Courtroom 790
19                              )         Roybal Building
                                )
20  _____ )

21

22

23

24

25

26

27
    OPPOSITION TO MOTION TO REMAND                                    1
28

# INTRODUCTION

The conservator argues that the case should be remanded to the state court; however, other than unilateral statements from court appointed officials, there is nothing in the record of the proceedings that it was impossible to provide Britney with a hearing and notice of a hearing that would have afforded her basic constitutional due process and the right to be heard as to the appropriateness of her father James Spears being appointed co-conservator. Mr. Spears has now moved into her house and has taken control of her financial assets, as well as her physical custody, all without the benefit of a hearing where Ms. Spears would be present. Additionally, she has been denied her fundamental rights to associate freely and to utilize telephones and other methods of communication with the outside world. The conservatorship has taken away significant liberties from the individual. She has been in a form of private confinement for nearly a month. Certainly, at this point, it is likely that circumstances have changed and it is time that the conservatee be brought into court for a hearing, where the court can evaluate her in person and hear testimony directly from her.

Additionally, Ms. Spears should be allowed to retain her own medical professionals to evaluate her condition. The conservatorship is palpably biased with respect to the conservatee. There are financial issues which involve the possible misappropriation of assets. These issues will not be discussed herein because counsel has not had the time to obtain declarations and other evidence in support of

OPPOSITION TO MOTION TO REMAND                                                2

this fact. Further, counsel is informed and believes from his investigation, that Ms. Spears has never been and is not now on comfortable terms with her live-in father conservator. In fact counsel has learned that there has been significant verbal attacks by her live-in father conservator and is concerned for the emotional and physical safety of Britney, under these circumstances.

Having relied on the courts previous OSC of February 29, 2008 for the filing of additional papers, I have not been able to brief all of the issues in this matter as a result of the court's shortened briefing schedule issued yesterday but have addressed the ones that are the most important for this court's review. Counsel cannot over stress his concern for the emotional and physical safety of his client.

As a result of this court's granting of shortened notice on February 21, 2008, counsel will submit on Monday, February 25, 2008 an application for leave to amend the notice of removal to include federal claims involving witness intimidation, victim intimidation, and other federal claims appropriate for this court's review.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FEDERAL JURISDICTION IS PROPER BECAUSE MS. SPEARS HAS BEEN DENIED HER FUNDAMENTAL RIGHT TO A TRIAL BY JURY AS REQUIRED UNDER THE LPS ACT.

Both federal and state courts have held that conservatorship proceedings must comply with fundamental notions of due process. Conservatorship of Roulet (1979) 23 Cal 3d 219, 152 Cal Rptr 425, 590 P2d 1, 1979 Cal LEXIS 195. As explained long ago by the California Supreme Court, the state must provide "proof beyond a reasonable doubt of the conservatee's grave mental disability was required under the due process clause of the California Constitution." Id. The mere fact that the conservatee was confined in a hospital rather than a prison did not eliminate the need to protect her against false confinement. Id. Because a conservatorship under the grave disability provisions of the LPS Act threatens a massive curtailment of the conservatee's liberty and personal autonomy, strict compliance with the statutory procedures designed to protect the conservatee is required [ Edward W. v. Lamkins (2002) 99 Cal. App. 4th 516, 531, 533-534, 122 Cal. Rptr. 2d 1] . Because of the deprivation of liberty and stigma attached to involuntary commitment to a mental institution, due process requires that grave disability be established by proof beyond a reasonable doubt and, if a jury trial has been requested, by a unanimous verdict [ Conservatorship of Hofferber (1980) 28 Cal. 3d 161, 178-179, 167 Cal. Rptr. 854,

616 P.2d 836 ; Conservatorship of Margaret L. (2001) 89 Cal. App. 4th 675, 679, 107 Cal. Rptr. 2d 542] .

Britney was not afforded any of these rights in the state court.

## 2. THE LITIGATION STRATEGY EMPLOYED BY THE CONSERVATOSHIP IS A SCHEME DESIGNED TO DENY BRITNEY HER RIGHTS UNDER FEDERAL LAW.

### A. In The Interests Of Justice, And As A Matter Of Federal Statutory And Constitutional Law, This Matter Must Remain In The Federal Courts.

Defendants' Notice of Removal provides adequate notice for removal based upon federal subject matter jurisdiction, consistent with the United States Supreme Court's recent decision in Grable & Sons Metal Products v. Darue Engineering and Mfg., 545 U.S. 308 (2005).

Additionally, adequate notice of issues involving federal questions was provided in the notices of removal in both cases in that defendants have demonstrated violations of the rule of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988) in the conservatorship proceedings. The temporary conservatorship was granted in violation of the five day notice requirement under state law ostensibly because notice to Britney would have also been notice to Sam Lufti. Thus, the perjured declaration of Lynn Spears was submitted to the state court, not only to deny Britney her freedom of association with her best friend, but also to justify

denying Britney a hearing and even minimal notice of a hearing. The court should take a close look at the declaration of Lynn Spears because on its face it is inconsistent concerning the events it allegedly describes and does not constitute credible evidence to justify a waiver of notice pursuant to Tulsa, *supra*.

It is obvious that the conservatorship was planned well in advance of its implementation as a tool to influence the custody proceedings in the family law court and for other illicit purposes. A probate action, wherein as here, the prospective conservatee would suffer the adjudication of fundamental constitutional rights, requires notice and the opportunity for participation consistent with Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988).

3. **REMOVAL IS PROPER BECAUSE OF FEDERAL QUESTION JURISDICTION.**

   A. **Significant Federal Issues Exist In The Conservatorship Matter To Justify Federal Question Jurisdiction.**

The case removed to federal court implicates sufficient federal question jurisdiction to warrant removal under 28 U.S.C. §1441(a). "The statute that governs removal jurisdiction in this case, [28 U.S.C. § 1441(a)], allows removal of 'any civil action' over which the district court has original jurisdiction. [The 9th Circuit] has

OPPOSITION TO MOTION TO REMAND 6

held that the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide. Kruse v. State of Hawaii, 68 F.3d 331, 334-35 (9th Cir.1995)." Lee v. American Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001).

As the 9th Circuit has explained, the presence of federal question jurisdiction renders a case properly removable to federal court even if some state-law claims are otherwise not considered removable:

" *Kruse* thus recognized as a general matter that federal jurisdiction over a removed case is 'otherwise proper' so long as *some* claims alleged were within the district court's power to decide, even if the district court cannot decide *all* the claims before it. Our circuit's reading of § 1441(a) is consistent with that enunciated two years later by the Supreme Court. In City of Chicago v. International College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), the city defendant removed to federal court a plaintiff's lawsuit comprising some federal question claims and some state-law claims reviewing state administrative action. The Court explained that the federal claims within the plaintiff's case: suffice[d] to make the actions 'civil actions' within the 'original jurisdiction' of the district courts for purposes of removal. § 1441(a). [The] federal claims, 'if brought alone, would be removable to federal court.' [Citation omitted.] Nothing in the jurisdictional statutes suggests that the presence of

OPPOSITION TO MOTION TO REMAND                                                                 7

related state law claims somehow alters the fact that [the plaintiff's] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.' [citation omitted] Stated otherwise, the presence of some federal question claims in the plaintiff's case made the case one over which the district court would have original jurisdiction, a proposition that federal court litigators would find wholly unremarkable."

Lee v. American Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001).

In the instant case, her rights have been significantly violated because without the right to notice and a hearing, many, if not all, of Britney's other rights under the constitution have been deprived, including the right to freedom of association under the First Amendment; the right to due process under the Fifth Amendment; the right to counsel of her own choosing and the right to meet with counsel in private under the Sixth Amendment; the right to a jury trial under the Seventh Amendment; and the right to a fair trial where she is afforded equal protection of the law under the Fourteenth Amendment. Such a significant deprivation of rights cannot be cavalierly disregarded in the name of obtaining an extraordinarily restrictive conservatorship.

B. Contained Within The State Conservatorship Action Are Significant Federal Constitutional And Statutory Rights.

"There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, [the United States Supreme Court] having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. E.g., Hopkins v. Walker, 244 U.S. 486, 490-491, 37 S.Ct. 711, 61 L.Ed. 1270 (1917). The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues, see ALI, Study of the Division of Jurisdiction Between State and Federal Courts 164-166 (1968)." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005).

The conservatorship litigation removed to this court implicates substantial 14th amendment questions suitable for resolution by a federal court. Denying notice to those parties in interest in the conservatorship case violates the rule of Tulsa Professional Collection Services, Inc., v. Pope, 485 U.S. 478 (1988). In Tulsa, the court held that, "[I]n failing to require more than publication notice, the nonclaim statute violated due process. That contention was based upon Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, which held that state action that adversely affects property interests must be accompanied by such notice as is reasonable under the particular circumstances, balancing the State's interest and the due process interests of individuals, and Mennonite Board of

OPPOSITION TO MOTION TO REMAND 9

Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180, which generally requires actual notice to an affected party whose name and address are "reasonably ascertainable."

Here, Britney's interest in being provided notice and a hearing were undermined by the unilateral determination that the giving of such notice would somehow enable a first friend to speak with her or advise her concerning the possibility of confinement in a conservatorship. The conservator <u>does not</u> argue that that her name and address were not reasonably ascertainable.

## CONCLUSION

For the foregoing reasons, the motion to remand should be denied; or in the alternative, remanded to state court with <u>special instructions</u> that a hearing be held with the presence of Ms. Spears at the earliest available date. Further, she should be afforded the opportunity to meet with counsel in private; and that adequate measures are taken to secure her right to privacy from undue publicity.

Date: February 22, 2008         By:_____

                                Attorney for Britney J. Spears

OPPOSITION TO MOTION TO REMAND                                           10

## DECLARATION OF JON EARDLEY

I, Jon Eardley, do state and declare as follows.

1. I am counsel for Britney J. Spears.

2. I was retained by her on or about February 12, 2008.

3. I have spoken with her on several occasions. The last time she attempted to call me, the telephone was taken away from her, and the number was disconnected the next day.

4. In the brief period of time I have worked on this case, I have interviewed a number of witnesses in California and abroad. I have not had sufficient time to make a full inquiry as to all relevant matters and have been denied by opposing counsel the opportunity to meet with my client.

5. I am concerned with the information I have learned because I have been informed of the existence of voice mails, etc., that include verbal abuse of the conservatee, Ms. Spears by her father.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of February 2008 in Whittier California.

Jon Eardle

OPPOSITION TO MOTION TO REMAND

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. I am a citizen of the United States. My business address is 16020 Puesta Del Sol, Whittier, CA.

On February 22, 2008 I served the foregoing document, described as

## OPPOSITION TO MOTION TO REMAND; DECLARATION OF JON EARDLEY

on the interested parties in this action by placing a true copy thereof in the United States' mail and addressed to:

LUCE FORWARD HAMILTON SCRIPPS
601 S. Figueroa St., Suite 3900
Los Angeles, CA 90017

[X] MAIL AND FAX. I am readily familiar with the firm's practice of collection and sending of correspondence. Pursuant to this practice of collection and processing correspondence, it is mailed on date of this service.

Executed this 22ND day of February, 2008 in Whittier, CA 90603. I declare under penalty of perjury that the foregoing is true and correct.

Jon Eardley